# EXHIBIT E

GeneralStar™

**General Star Management Company**
Financial Centre
P. O. Box 10354
Stamford, CT 06904-2354
Phone: (203) 328-6637
Fax: (203) 328-6744
Internet: sleone@generalstar.com

Steve Leone
Second Vice President

January 16, 2006

**CERTIFIED MAIL R.R.R.**
7004-2510-0001-4365-9456

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

**COVERAGE POSITION LETTER**

| | | |
|---|---|---|
| RE: | Insured: | MICHAEL KENT, ETAL. |
| | Claimant: | STUART DENYER |
| | Date of Loss: | 8/25/03 |
| | Our File No.: | GS051889 |

Dear Mr. Kent:

General Star Management Company, on behalf of General Star Indemnity Company (hereinafter collectively referred to as "General Star"), provides Michael Kent, et al with a commercial general liability policy under policy number IYG359857D effective 9/29/02 through 9/29/03. There is a $1,000,000.00 limit of liability subject to a **$100,000.00 self insured retention**.

As you are aware, the above referenced file has been set up to defend the interests of the Additional Insured Swiss Beach Holdings, Inc. We have previously assigned the Law Offices of Koleos, Rosebnberg, Metzger & Doyle ("KOLEOS") to represent Swiss Beach Holdings.

We are in receipt of and for your convenience, attach a copy of a January 16, 2006 letter to you from the KOLEOS firm, which indicates, in pertinent part:

*... As you know, since November, 2004 Koleos, Rosenberg, Metzger & Doyle, P.A. has been defending and representing the interest of Swiss Beach Holdings, Inc. under the terns and conditions of 219 South Atlantic Blvd., Inc's insurance policy with General Star Indemnity Company. Under that policy, there is a $100,000.00 self insured retention (SIR) which means you are responsible for payment of the first $100,000.00 in costs, fees, expenses and indemnity dollars in the case before General Star Indemnity Company pays $1.00...*

*...As of this date, my firm has yet to be paid anything. Presently your company owes $34,411.41 for attorneys' fees and costs invoiced to date ($31,878.50 for fees, $2,532.91 for costs)...*

*...Over the last six months, we have tried unsuccessfully to effectuate payment of these invoices...*

***...Should we not receive payment from you for the outstanding invoices by January 23, 2006, we will have no alternative but to petition the Court to withdraw our representation of Swiss Beach Holdings, inc. and this will have a detrimental and prejudicial impact on its defense in this matter... (Emphasis added)***

The above letter is extremely problematic and brings rise to certain coverage issues and if not immediately dealt with, ramifications under the General Star policy.

At this time, we refer you to the Insuring Agreement of the policy, which states:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:...

We now refer you to the Self-Insured Retention Endorsement II which states:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SELF-INSURED RETENTION ENDORSEMENT II**

It is agreed that this insurance is subject to the following provisions. In the event of conflict with any provisions elsewhere in the policy, the provisions of this endorsement shall be deemed to apply.

I. Retained Limit

a. Our total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention, hereinafter called the Retained Limit.

Retained Limit

| | | |
|---|---|---|
| ONE HUNDRED THOUSAND Dollars | $100,000.00 | Each Claim |
| NIL Dollars | $0.00 | Aggregate, if applicable |

b. The Retained Limit applies to damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies.

c. In the event that the aggregate Retained Limit is exhausted by payments, arising from injury, damage, or expenses to which this policy applies, the provisions of this Retention Endorsement are void and all terms and conditions of the policy are reinstated to their full force and effect, and we shall then be obligated to assume charge of the settlement or defense of any claim or "suit" against the insured not yet settled, whether or not reported to us.

d. We have no duty to defend any claim or "suit" until the exhaustion of the Retained Limit.

We now refer you to the Conditions section of your policy, which reads as follows:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

...

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain, records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Pursuant to the above stated policy language, you have a duty to cooperate with us in the defense and/or investigation of this matter. Your failure to immediately honor the outstanding defense costs and fees will result in defense counsel filing a petition to withdraw, which will severely prejudice our ability to defend this matter.

By this letter, if not done so already, we ask that you make immediate contact with Daniel J. Koleos of the KOLEOS firm to make payment arrangements. Your failure to do so will be deemed to be a material and substantial breach of the policy Conditions. Should this occur, we will have no other alternative but to deny coverage for this matter based upon your violation of the policy provision quoted above.

None of the acts of General Star's agents, attorneys or employees are to be construed as a waiver of or operate as an estoppel, with respect to any of General Star's rights under the captioned policy. Further, no conduct of General Star or its agents, attorneys, or employees is to be construed as a waiver or surrender of General Star's policy limitations, exclusions, conditions or agreements.

General Star recognizes that there may be additional information which has been developed since the claim was tendered which may impact upon coverage under the General Star policy. Accordingly, if you have any questions, comments or additional information, which either contradicts or suggests that the position of General Star is incomplete or incorrect, please forward it to my attention.

We thank you in advance for your anticipated cooperation.

Very truly yours,

S.V. Leone

Steve Leone

051889CP

CC: **VIA FAX: 954-474-9959 & US MAIL**
Daniel J. Koleos Esq.
Koleos, Rosenberg, Metzger & Doyle
1000 S. Pine Island Road, Suite 450
Fort Lauderdale, FL 33324

**VIA FAX: 860-633-6771 & US MAIL**
Mr. Ted Tenerow
Crawford & Company
Post Office Box 539
Glastonbury, CT 06033

7004 2510 0001 4365 9456

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

STAMFORD CT 06910-4731 PROC & DIST CTR — Postmark Here

GS051889

Sent To Mr. Michael Kent
Street, Apt. No.; or PO Box No. 56 Maple Street
City, State, ZIP+4 Warwick, RI 02888

PS Form 3800, June 2002 See Reverse for Instructions

**VIA FAX: 954-627-6640 & US MAIL**

R. David Ravine Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, FL 33301

LAW OFFICES

**KOLEOS, ROSENBERG, METZGER & DOYLE**

PROFESSIONAL ASSOCIATION

400 N. TAMPA ST., SUITE 1965
TAMPA, FLORIDA 33602

TELEPHONE (813) 472-7750
FACSIMILE (813) 472-7751
E-MAIL kmtampa@krm.com

1000 S. PINE ISLAND ROAD, SUITE 450
FORT LAUDERDALE, FLORIDA 33324

REPLY ONLY TO
FORT LAUDERDALE OFFICE

TELEPHONE (954) 474-9929
FACSIMILE (954) 474-9959
E-MAIL krm@krmpa.com

January 16, 2006

**URGENT ATTENTION NEEDED**

65-051889

**VIA COURIER**
Michael Kent
c/o Scott W. Rothstein, Esq.
Rothstein & Rosenfeldt
300 SE 2nd Street
Suite 860
Fort Lauderdale, FL 33301

Re: **Stuart Denyer v. Swiss Beach Holdings, Inc., a Florida corporation and 219 South Atlantic Blvd., Inc., a corporation d/b/a Beach Bums and/or d/b/a Atlantis and/or d/b/a The Beach Complex**
**Case No. : 04-06507 (18) (Broward Circuit Court)**
**Our File No. : GEN-40745**

Dear Mr. Kent:

I spoke with Lois on Friday and she told me that you would be meeting with Mr. Rothstein today to discuss, among other things, payment of my firm's billing invoices. As you know, since November, 2004, Koleos, Rosenberg, Metzger & Doyle, P.A. has been defending and representing the interest of Swiss Beach Holdings, Inc. under the terms and conditions of 219 South Atlantic Blvd., Inc.'s insurance policy with General Star Indemnity Company. Under that policy, there is a $100,000.00 self insured retention (SIR) which means you are responsible for payment of the first $100,000.00 in costs, fees, expenses and indemnity dollars in the case before General Star Indemnity Company pays $1.00.

Under the SIR provisions of the policy, we have been forwarding our firm billing invoices to Ted Tenerow, Crawford & Company, the third party administrator, for payment. In turn, Mr. Tenerow has forwarded all of these invoices to your company for payment. As of this date, my firm has yet to be paid anything. Presently your company owes $34,411.41 for attorneys' fees and costs invoiced to date ($31,878.50 for fees, $2,532.91 for costs).

Over the last six months, we have tried unsuccessfully to effectuate payment of these invoices. Mr. Ted Tenerow has communicated directly with Lois but to no avail. We have communicated with Mr. Doorley, your agent, but to no avail. We've communicated

with Lois but to no avail. Despite these efforts, the invoices remain unpaid.

Please put our firm's billing invoices for direct payment at your earliest opportunity. Unfortunately, my firm can no longer continue to represent Swiss Beach Holdings, Inc. without being paid. Should we not receive payment from you for the outstanding invoices by January 23, 2006, we will have no alternative but to petition the Court to withdraw our representation of Swiss Beach Holdings, Inc. and this will have a detrimental and prejudicial impact on its defense in this matter.

Accordingly, your immediate attention and consideration of these matters will be greatly appreciated. Thank you.

Very truly yours,

DANIEL J. KOLEOS
LEONARD D. BLUMENTHAL

DJK:LDB:kmg
cc: Steven V. Leone (GSMC Claim No. GS-051889) (via e-mail)
Ted Tenerow (Crawford Claim No. 547-52891 TT) (via e-mail)
G:\Denyer\kent 1.doc