# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY, Plaintiffs | : | |
| v. | : | C. A. No. 07-205 |
| MICHAEL KENT; 79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and 219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX, Defendants | : | ANSWER AND COUNTERCLAIM |

## ANSWER OF DEFENDANT 79-81 WASHINGTON STREET, CORP. D/B/A THE STRAND

### PARTIES

1. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

2. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

3. Denied.

4. Admitted.

5. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

### JURISDICTION

6. Denied.

7. Denied.

8. Denied.

9. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## FACTS

10. Denied.

11. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

12. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## The Balmforth Claim

25. Admitted.

26. Admitted, that this Defendant claimed coverage under the 02-03 policy, the remaining allegations are neither admitted nor denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant admits only that such a letter was mailed by Plaintiff, but denies the remaining allegations.

32. Defendant denies that a TPA contract is required by the policy or that the identity of the TPA be provided.

33. Defendant answers by stating that the letter speaks for itself, but states that the assertions made in the letter are incorrect.

34. Defendant answers by stating that it was not required to do so by the policy; the allegations as to Defendant Kent are neither admitted nor denied. The Defendant has engaged the services of a TPA, Ellen Perry, though not required to do so, and her identity has been made known to Plaintiff.

**The Denyer Claim**

35. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

36. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

37. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

38. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

39. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

40. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

41. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

42. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

43. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

44. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

45. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

46. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

47. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

48. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

49. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

50. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

51. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

52. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

53. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

54. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

55. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

56. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

57. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

58. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

59. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

60. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

**The Almeida and Ercolano Claims**

61. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

62. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

63. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

64. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

65. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

66. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

67. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

68. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

69. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

70. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT I

**(Declaratory Relief)**

**(Balmforth Claim)**

71. Defendant hereby incorporates its Answers to Paragraphs 1-34 as if fully restated herein.

72. Denied.

73. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

74. Denied.

## COUNT II

**(Declaratory Relief)**

**(Denyer Claim)**

75. Defendant hereby incorporates its Answers to Paragraphs 1 through 74 as if fully restated herein.

76. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

77. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

78. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT III

**(Breach of Contract)**

**(Denyer Claim)**

79. Defendant herby incorporates its Answers to Paragraphs 1-78 as if fully restated herein.

80. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

81. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

82. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

83. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT IV

**(Breach of Contract)**

**(Almeida and Ercolano Claims)**

84. Defendant hereby incorporates its Answers to Paragraphs 1-83 as if fully restated herein.

85. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

86. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

87. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

88. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

89. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiff has failed to state a claim for relief against this Defendant upon which relief may be granted.

2. Defendant asserts the defense of waiver, estoppel and laches.

3. Defendant asserts the defense of breach of contract by the Plaintiff.

4. Defendant asserts that the policy of insurance does not require the engagement of a TPA, nor does it require the Defendant to tender the retained limits, nor does it contain a self-insured retention endorsement.

5. Defendant has complied with all of the requirements contained in the policy that was in effect at the time of the occurrence in the Balmforth case.

6. The Defendant has engaged the services of a TPA.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter on its behalf.

Defendant,
79-81 WASHINGTON STREET
CORP. d/b/a THE STRAND
By its Attorneys,

Herbert F. DeSimone, Jr.

Herbert F. DeSimone, Jr., #2650
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@coversent.net

## COUNTERCLAIM

1. The General Star policy in effect at the time of the occurrence in the Balmforth case does not contain a self-insured retention endorsement, as the proposed "Self-Insured Retention Endorsement II" was never signed by the insured.

2. The Defendant was not required to tender the retained limits pursuant to the General Star policy, as said policy does not contain a self-insured retention endorsement for the reasons above stated.

3. The Defendant was not required by the General Star policy to contract with a "third party claims administrator (TPA)" as said policy does not contain a self-insured retention endorsement, and the operative paragraph (Paragraph IV Special Conditions) was left blank by General Star, and does not require the Defendant to contract with anyone.

4. Notwithstanding the fact that it was not required by the policy to do so, the Defendant did engage Ellen M. Perry, 71 Cherry Hill Road, Johnston, Rhode Island 02919, to serve as its third party claims administrator, and has done so continuously for several years. Ellen M. Perry still serves as the TPA for the Defendant.

5. Defendant has paid the premium in full and complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence in the Balmforth case.

WHEREFORE, Defendant requests that the Court enter judgment:

1. Declaring that the Defendant has complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence of the Balmforth case.

2. Declaring that the General Star policy in effect at the time of the occurrence in the Balmforth case does not contain a self-insured retention endorsement, does not require the Defendant to tender the retained limits, and does not require the Defendant to contract with a third party claims administrator.

3. Order the Plaintiff to comply with its obligations pursuant to its policy and provide complete coverage to the Defendant in the Balmforth case.

4. Grant Defendant its costs of suit.

5. Grant such other relief as is just.

Defendant
79-81 WASHINGTON STREET
CORP. d/b/a THE STRAND
By its Attorneys,

Herbert F. DeSimone, Jr.
Herbert F. DeSimone, Jr., #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@conversent.net

## CERTIFICATION

I hereby certify that on June 29, 2007, I mailed a true copy of the within Answer, postage prepaid, to Howard Merten, Esq., and Keith E. Fayan, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.

Herbert F. DeSimone, Jr.