# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY, Plaintiffs | : | |
| v. | : | C. A. No. 07-205S |
| MICHAEL KENT; 79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and 219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX, Defendants | : | ANSWER AND COUNTERCLAIM |

## ANSWER OF DEFENDANT 219 SOUTH ATLANTIC BOULEVARD, INC.

### PARTIES

1. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

2. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

3. Denied.

4. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

5. Admitted.

### JURISDICTION

6. Denied.

7. Denied.

8. Denied.

9. Denied.

## FACTS

10. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

11. Denied.

12. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## The Balmforth Claim

25. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

26. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

27. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

28. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

29. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

30. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

31. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

32. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

33. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

34. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

**The Denyer Claim**

35. Admitted.

36. Admitted that this Defendant claimed coverage under the policy; the remaining allegations are neither admitted nor denied.

37. Denied.

38. Denied.

39. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

40. Defendant admits that the legal fees generated by the attorneys for Swiss Beach Holdings, Inc. were not paid by it or the other defendants, but denies that the Defendants were responsible to pay said expenses.

41.-43. Defendant admits that said letter was sent, but denies that the Defendants were responsible to pay said expenses and also avers that said fees and expenses were unreasonable.

44. Admitted.

45-48. Defendant admits that said letter was sent but denies that there is a SIR in effect, or that the policy requires the appointment of a TPA.

49. Defendant states that it was not required by the policy to pay said expenses.

50. Denied.

51.-53. Defendant admits said letter was sent but denies that a SIR was in effect or that the policy required the appointment of a TPA.

54.-56. Defendant admits that said letter was sent but denies that it or any Defendant was responsible to pay the invoices of the defense of Swiss Beach Holdings, Inc., or that a SIR was in effect, or that the policy requires the appointment of a TPA.

57. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

58. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation, further answering, Defendant states the fees were unreasonable..

59. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

60. Admitted.

**The Almeida and Ercolano Claims**

61. Admitted.

62. Admitted that this Defendant claimed coverage under the policy; the remaining allegations are neither admitted nor denied.

63. Denied.

64. Denied.

65. Admitted.

66. Denied.

67. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

68. Defendant answers by stating that none of the Defendants are required to pay said expenses.

69. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

70. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

**COUNT I**

**(Declaratory Relief)**

**(Balmforth Claim)**

71-74. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT II

**(Declaratory Relief)**

**(Denyer Claim)**

75. Defendant hereby incorporates its Answers to Paragraphs 1 through 74 as if fully restated herein.

76. Denied.

77. Defendant admits that General Star has taken this position but states that said position is incorrect and is contrary to the policy.

78. Denied.

## COUNT III

**(Breach of Contract)**

**(Denyer Claim)**

79. Defendant hereby incorporates its Answers to Paragraphs 1 through 78 as if fully restated herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT IV

**(Breach of Contract)**

**The Almeida and Ercolano Claims**

84. Defendant hereby incorporates its Answers to Paragraphs 1 through 83 as if fully restated herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiff has failed to state a claim for relief against this Defendant upon which relief may be granted.

2. Defendant asserts the defense of waiver, estoppel and laches.

3. Defendant asserts the defense of breach of contract by the Plaintiff.

4. Defendant asserts that the policy of insurance does not require the engagement of a TPA, nor does it require the Defendant to tender the retained limits, nor does it contain a self-insured retention endorsement.

5. Defendant has complied with all of the requirements contained in the policy that was in effect at the time of the occurrence in the Balmforth case.

6. The Defendant has engaged the services of a TPA.

7. The fees charged by the attorneys for Swiss Beach Holdings, Inc. are unreasonable.

8. Plaintiff breached its fiduciary and contractual duties owed to Defendant by failing to properly monitor the work being performed and the fees being generated by the law firm it assigned to defend Swiss Beach Holdings, Inc.

WHEREFORE, Defendant requests that the Court enter judgment:

1. Denying Plaintiff's claims for damages and costs;

2. Declaring that Defendant has complied with all the relevant terms and conditions of the General Star policy in effect at the time of the occurrence of the Denyer, Almeida and Ercolano Claims;

3. Declaring the General Star policies in effect at the time of the occurrence of the above claims do not contain a self-insured retention, do not require the Defendant to tender the retained limits, do not require the Defendant to contract with a third-party claims administrator, and do not provide that Swiss Beach Holdings, Inc. is an additional insured, and that the policies do not require the Defendant or Michael Kent to pay the legal fees and expenses of the defense of Swiss Beach Holdings, Inc. In the alternative, declare that the fees charged by the attorneys assigned by General Star to defend Swiss Beach Holdings, Inc. are unreasonable and excessive, and that Plaintiff violated its contractual and fiduciary duties to Defendant to properly supervise and monitor the work being performed and the fees being charged by said attorneys.

4. Order the Plaintiff to comply with its obligations pursuant to its policies and provide complete coverage to Defendants in the Denyer, Almeida and Ercolano cases.

5. Grant Defendant its costs of suit.

6. Grant Defendant such other relief as is just.

Defendant,
219 SOUTH ATLANTIC
BOULEVARD, INC., d/b/a
BEACH BUMS, d/b/a
ATLANTIS, d/b/a THE BEACH
COMPLEX
By its Attorneys,

Herbert F. DeSimone, Jr.

Herbert F. DeSimone, Jr., #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@coversent.net

Defendant hereby demands
a Jury Trial.

## COUNTERCLAIM

1. The General Star policy in effect at the time of the occurrence in the Denyer, Almeida and Ercolano cases does not contain a self-insured retention endorsement, as the proposed "Self-Insured Retention Endorsement II" was never signed by the insured.

2. The Defendant was not required to tender the retained limits pursuant to the General Star policy, as said policy does not contain a self-insured retention endorsement for the reasons above stated.

3. The Defendant was not required by the General Star policy to contract with a "third party claims administrator (TPA)" as said policy does not contain a self-insured retention endorsement, and the operative paragraph (Paragraph IV Special Conditions) was left blank by General Star, and does not require the Defendant to contract with anyone.

4. Notwithstanding the fact that it was not required by the policy to do so, the Defendant did engage Ellen M. Perry, 71 Cherry Hill Road, Johnston, Rhode Island 02919, to serve as its third party claims administrator, and has done so continuously for several years. Ellen M. Perry still serves as the TPA for the Defendant.

5. The General Star policies do not provide that Swiss Beach Holdings, Inc., is an additional insured, nor does it require Defendant to pay for the legal fees and expenses of Swiss Beach Holdings, Inc.

6. The fees charged by the attorneys for Swiss Beach Holdings, Inc. were unreasonable and unnecessary.

7. Plaintiff breached its contractual and fiduciary duties to Defendant by failing to properly supervise and monitor the work being performed and the fees being generated by the attorneys it assigned to defend the interests of Swiss Beach Holdings, Inc.

8. Defendant has paid the premium in full and complied with all of the relevant terms and conditions of the General Star policies in effect at the time of the occurrence of the Denyer, Almeida and Ercolano claims.

9. An actual justiciable controversy exists concerning the rights, duties and obligations of the parties arising out of the terms and conditions of the policies.

WHEREFORE, Defendant requests that the Court enter judgment:

1. Declaring that the Defendant has complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence of the Denyer, Almeida and Ercolano claims.

2. Declaring that the General Star policies in effect at the time of the occurrence in the Denyer, Almeida and Ercolano claims do not contain a self-insured retention endorsement, do not require the Defendant to tender the retained limits, and do not require the Defendant to contract with a third party claims administrator.

3. Declaring that the General Star policies do not provide that Swiss Beach Holdings, Inc. is an additional insured and do not require Defendant to pay the legal fees and expenses of Swiss Beach Holdings.

4. In the alternative, declare that the fees charged by the attorneys assigned by General Star to defend Swiss Beach Holdings, Inc. are unreasonable and excessive, and that Plaintiff violated its contractual and fiduciary duties to Defendant to properly supervise and monitor the work being performed and the fees being charged by said attorneys.

5. Order the Plaintiff to comply with its obligations pursuant to the policies and provide complete coverage to Defendant in the Denyer, Almeida and Ercolano cases.

6. Grant Defendant its damages in an amount to be determined at trial, plus costs.

7. Grant Defendant such other relief as is just.

Defendant,
219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX
By its Attorneys,

Herbert F. DeSimone, Jr.

Herbert F. DeSimone, Jr., #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@conversent.net

Defendant hereby demands a Trial by Jury.

## CERTIFICATION

I hereby certify that on July 16, 2007, I mailed a true copy of the within Answer, postage prepaid, to Howard Merten, Esq., and Keith E. Fayan, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.

Mary L Shaw