**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY,<br>Plaintiffs<br><br>v.<br><br>MICHAEL KENT;<br>79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and 219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX,<br>Defendants | C.A. No. 07-205 |

**REPLY TO 219 SOUTH ATLANTIC BOULEVARD, INC.'S COUNTERCLAIM**

Plaintiffs, General Star National Insurance Company and General Star Indemnity Company (collectively hereinafter "General Star"), submits this Reply to defendant 219 South Atlantic Boulevard 's Counterclaim.

1. Denied.

2. Denied.

3. Denied.

4. General Star is without knowledge or information sufficient to form a belief as to the truth of this paragraph and therefore it is denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied that 219 South Atlantic Boulevard, Inc. complied with all relevant terms and conditions at the time of the occurrence Denyer, Almeida and Ercolano claims.

9. Admitted.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is not entitled to an award of costs incurred during this proceeding.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant breached its duty under the Policy and therefore is not entitled to any declaration that it complied with the terms and conditions of that Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has actual and/or constructive knowledge that the relevant Policy contained a self-insured retention endorsement, required the Defendant to tender the retained limits and to contract with a third party claims administrator and, therefore, is not entitled to any declaration that Policy did not contain these terms.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has actual and/or constructive knowledge that the relevant Policy provided that the landlord is an additional insured and required the defendant to pay all amounts incurred in defending each claim within the self insured retention and, therefore, is not entitled to any declaration that Policy did not contain these terms.

**NINTH AFFIRMATIVE DEFENSE**

For the reasons set forth in Plaintiffs' Complaint, the Counterclaim should be dismissed.

WHEREFORE, Plaintiffs General Star National Insurance Company and General Star Indemnity Company request that the Court dismiss 219 South Atlantic Boulevard, Inc.'s Counterclaim, that the Court enter judgment in Plaintiffs' favor, that the Court award Plaintiffs their costs and all other sums incurred to date by the Plaintiffs, including but not limited to counsel fees, and that the Court grant such other and further relief as it may deem just and proper.

GENERAL STAR NATIONAL
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Howard Merten________________
Howard Merten (#3171)
Keith E. Fayan (#7065)
180 South Main Street
Providence, RI 02903
(401) 861-8200\
(401) 861-8210 FAX
hm@psh.com
kef@psh.com

DATED: July 24, 2007

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON JULY 24, 2007 A COPY OF THE FOREGOING REPLY TO DEFENDANT 219 SOUTH ATLANTIC BOULEVARD INC.'S COUNTERCLAIM WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

/s/ Howard Merten____________

929468.1