# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY, Plaintiffs | : | |
| v. | : | C. A. No. 07-205 |
| MICHAEL KENT; 79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and 219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX, Defendants | : | ANSWER AND COUNTERCLAIM |

## ANSWER OF DEFENDANT MICHAEL KENT

### PARTIES

1. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

2. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

3. Denied.

4. Admitted.

5. Admitted except that the mailing address is PO Box 5180, Wakefield, RI 02880.

### JURISDICTION

6. Denied.

7. Denied.

8. Denied.

9. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## FACTS

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

## The Balmforth Claim

25. Admitted.

26. Admitted, that this Defendant claimed coverage under the 02-03 policy, the remaining allegations are neither admitted nor denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendant admits only that such a letter was mailed by Plaintiff, but denies the remaining allegations.

32. Defendant denies that a TPA contract is required by the policy or that the identity of the TPA be provided.

33. Defendant answers by stating that the letter speaks for itself, but states that the assertions made in the letter are incorrect.

34. Defendant answers by stating that it was not required to do so by the policy. The Defendant has engaged the services of a TPA, Ellen Perry, though not required to do so, and her identity has been made known to Plaintiff.

**The Denyer Claim**

35. Admitted.

36. Admitted that coverage was claimed under the policy; the remaining allegations are neither admitted nor denied.

37. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

38. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

39. Defendant admits only that such a letter was mailed but denies the remaining allegations.

40. Defendant denies that he was responsible to pay such expenses.

41. Defendant admits that a letter was mailed, but denies that he is responsible to pay said expenses and also asserts that said costs are not reasonable.

42. Defendant admits that a letter was mailed, but denies that he is responsible to pay said expenses and also asserts that said costs are not reasonable.

43. Defendant admits that a letter was mailed, but denies that he is responsible to pay said expenses and also asserts that said costs are not reasonable.

44. Admitted, but Defendant asserts that the pre-trial discovery conducted was unreasonable and unnecessary.

45. Defendant admits that a letter was mailed but denies that he was obligated to comply with the requests set out in the letter.

46. Defendant asserts the identity of a TPA is not required, nor is he required to provide a copy of a TPA contract.

47. Defendant states the letter speaks for itself, but also states that the assertions made in the letter are incorrect.

48. Defendant states that it was not required to do so by the policy but that he has engaged the services of a TPA, Ellen Perry, whose identity has been made known to Plaintiff.

49. Defendant states it was not required to do so.

50. Defendant answers by stating he did maintain and identify a TPA, but was not required to do so.

51. Defendant admits that a letter was mailed but states the assertions made in the letter are incorrect.

52. Defendant admits that a letter was mailed but states the assertions made in the letter are incorrect.

53. Defendant states he did provide the identify of a TPA, but was not required to provide a copy of the contract or tender an SIR.

54. Defendant admits a letter was mailed but denies he is responsible to pay for the defense of Swiss Beach.

55. Defendant states that the assertions made in the letter are incorrect.

56. Defendant states that he is not required to do so.

57. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

58. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation; however, if that is the amount billed, then said expenses are unreasonable and unnecessary..

59. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

60. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

**The Almeida and Ercolano Claims**

61. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

62. Admitted that coverage was claimed under the policy, the remaining allegations are neither admitted nor denied..

63. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

64. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

65. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

66. Denied.

67. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

68. Defendant denies that he is obligated to pay the defense costs of Swiss Beach and further states they are unnecessary and unreasonable.

69. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

70. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT I

**(Declaratory Relief)**

**(Balmforth Claim)**

71. Defendant hereby incorporates its Answers to Paragraphs 1-34 as if fully restated herein.

72. Denied.

73. Admitted that General Star has taken said position but states that said position is incorrect.

74. Denied.

## COUNT II

**(Declaratory Relief)**

**(Denyer Claim)**

75. Defendant hereby incorporates its Answers to Paragraphs 1 through 74 as if fully restated herein.

76. Denied.

77. Admitted that General Star has taken said position but states that said position is incorrect.

78. Neither admitted nor denied, Defendant being without sufficient information to form a belief as to the truth of the allegation.

## COUNT III

**(Breach of Contract)**

**(Denyer Claim)**

79. Defendant herby incorporates its Answers to Paragraphs 1-78 as if fully restated herein.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

## COUNT IV

**(Breach of Contract)**

**(Almeida and Ercolano Claims)**

84. Defendant hereby incorporates its Answers to Paragraphs 1-83 as if fully restated herein.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiff has failed to state a claim for relief against this Defendant upon which relief may be granted.

2. Defendant asserts the defense of waiver, estoppel and laches.

3. Defendant asserts the defense of breach of contract by the Plaintiff.

4. Defendant asserts that the policy of insurance does not require the engagement of a TPA, nor does it require the Defendant to tender the retained limits, nor does it contain a self-insured retention endorsement.

5. Defendant has complied with all of the requirements contained in the policy that was in effect at the time of the occurrence in the Balmforth case.

6. The Defendant has engaged the services of a TPA.

7. Defendant asserts that he is not obligated to pay for the defense costs for the landlord, Swiss Beach Holdings, Inc., and in the alternative, states that said expenses are unreasonable and unnecessary.

WHEREFORE, Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter on its behalf.

Defendant,
MICHAEL KENT
By his Attorneys,

Herbert F. DeSimone, Jr.

Herbert F. DeSimone, Jr., #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@coversent.net

## COUNTERCLAIM

1. The General Star policy in effect at the time of the occurrence in the Balmforth. Denyer, Almeida and Ercolano cases does not contain a self-insured retention endorsement, as the proposed "Self-Insured Retention Endorsement II" was never signed by the insured.

2. The Defendant was not required to tender the retained limits pursuant to the General Star policy, as said policy does not contain a self-insured retention endorsement for the reasons above stated.

3. The Defendant was not required by the General Star policy to contract with a "third party claims administrator (TPA)" as said policy does not contain a self-insured retention endorsement, and the operative paragraph (Paragraph IV Special Conditions) was left blank by General Star, and does not require the Defendant to contract with anyone.

4. Notwithstanding the fact that it was not required by the policy to do so, the Defendant did engage Ellen M. Perry, 71 Cherry Hill Road, Johnston, Rhode Island 02919, to serve as its third party claims administrator, and has done so continuously for several years. Ellen M. Perry still serves as the TPA for the Defendant.

5. Defendant has paid the premium in full and complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence in the Balmforth, Denyer, Almeida and Ercolano cases.

WHEREFORE, Defendant requests that the Court enter judgment:

1. Declaring that the Defendant has complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence of the Balmforth, Denyer, Almeida and Ercolano cases.

2. Declaring that the General Star policy in effect at the time of the occurrence in the above cases does not contain a self-insured retention endorsement, does not require the

Defendant to tender the retained limits, and does not require the Defendant to contract with a third party claims administrator.

3. Order the Plaintiff to comply with its obligations pursuant to its policy and provide complete coverage to the Defendant in the above cases.

4. Grant Defendant its costs of suit.

5. Grant such other relief as is just.

Defendant
MICHAEL KENT
By his Attorneys,

Herbert F. DeSimone, Jr., #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@conversent.net

## CERTIFICATION

I hereby certify that on October 12, 2007, I mailed a true copy of the within Answer, postage prepaid, to Howard Merten, Esq., and Keith E. Fayan, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903.