**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY,<br>Plaintiffs<br><br>v.<br><br>MICHAEL KENT;<br>79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and<br>219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX,<br>Defendants | C.A. No. 07-205 |

**PLAINTIFFS', GENERAL STAR NATIONAL INSURANCE COMPANY and GENERAL STAR INDEMNITY COMPANY, RULE 16 CONFERENCE STATEMENT OF FACTS**

Plaintiffs General Star National Insurance Company and General Star Indemnity Company (collectively hereinafter "General Star"), submit the following Rule 16 Conference Statement setting forth the background and elements of its causes of action, pursuant to the Court's notice dated October 19, 2007.

**Background**

General Star filed this action against the defendants, Michael Kent, 79-81 Washington Street Corp., and 219 South Atlantic Boulevard, Inc. for breach of the terms and conditions of a commercial general liability insurance policy relating to three claims against the policy identified in the Complaint. Plaintiff General Star provided defendant Michael Kent ("Kent") with commercial general liability insurance coverage for bodily injury and property damage arising out of the ownership, maintenance, or use of certain covered premises.

Defendant Michael Kent is the named insured under the policy and the corporate defendants are owned by Michael Kent and operate nightclubs named in the policy as covered premises. The relevant insurance policies contain a Self-Insured Retention ("SIR") endorsement which forms the basis of the dispute between the parties.

The SIR provided that General Star's liability for damages shall only apply in excess of the One Hundred Thousand ($100,000) Dollars Self-Insured Retention ("SIR") and that General Star has no duty to defend any claim until the exhaustion of the SIR. This endorsement further stated that the SIR applies to damage payments as well as claims handling and/or legal expenses incurred by the insured in the investigation, negotiation, settlement and defense of any claim to which this policy applies. Finally, the SIR endorsement required the defendants to contract with a Third Party Claims Administrator (TPA) to administer claims handling within the SIR until the conclusion of all reported incidents or claims.

Plaintiffs bring this action due to defendant Michael Kent's repeated failure, as the named insured, to pay expenses due or otherwise tender the Self-Insured Retention upon proper demand by General Star concerning three separate incidents at premises named in the policy. General Star also asserts that the defendants have failed to engage a TPA to administer claims and to comply with the terms and conditions of the insurance policy for each of the three incidents for which Kent claimed coverage under the relevant policy.

Specifically, Kent notified General Star in 2004 of a lawsuit filed against defendant 219 South Atlantic Boulevard, Inc. for personal injuries allegedly suffered at a Florida nightclub. The terms of the policy provided that the landlord from whom the premises was leased was an additional insured. Accordingly, the defense of the landlord was provided under the terms of the policy and subject to the SIR. In September 2005, Plaintiffs sent a certified

letter to Kent regarding his failure to pay expenses within the SIR relating to the defense of the landlord. General Star sent a second letter to Kent in January 2006 demanding immediate payment of the expenses related to the defense of the landlord. Additional correspondence was sent to Kent in December 2006, February 2007 and March 2007 concerning the identity of the TPA, documentation of all amounts paid within the SIR and payment of expenses related to the landlord's defense pursuant to the SIR endorsement. Kent failed to provide any of the information requested, failed to pay any expenses and failed to tender any portion of the SIR. Ultimately, General Star paid the invoices from the law firm that defended the landlord to preclude additional litigation.

In or about January 2006, Kent notified General Star of two additional lawsuits filed against defendant 219 South Atlantic Boulevard, Inc. for personal injuries allegedly suffered at the Florida nightclub resulting from the same incident. As noted above, the defense of the landlord was provided under the terms of the policy and subject to the SIR. Kent failed to engage a TPA to administer these claims and further failed to pay any expenses related to the defense of the landlord in these lawsuits. General Star paid the invoices from the law firm that defended the landlord to preclude additional litigation.

In April 2005, Michael Kent notified General Star of a lawsuit filed against defendant 79-81 Washington Street Corp. for personal injuries allegedly suffered at a Providence nightclub. In March 2007, General Star sent a certified letter demanding that Kent identify the TPA, provide documentation of all amounts paid within the SIR and tender the balance of the SIR pursuant to the SIR endorsement. Kent failed to provide any of the information requested and failed to tender any portion of the SIR.

**I. <u>Breach of Contract.</u>**

General Star is asserting claims against the defendants for breach of a written contract for commercial general liability insurance. In order to prevail on a breach of contract claim, General Start must prove the following four elements: (i) the existence of a contract; (ii) performance by the plaintiff (General Star) of its obligations under the contract; (iii) breach of the contract by the defendants; and (iv) damages suffered by the plaintiff as a result of the breach of contract by the defendants. *See Petrarca v. Fid. & Cas. Ins. Co.*, 884 A.2d 406, 410 (R.I. 2005).

**II. <u>Declaratory Relief.</u>**

An actual justiciable controversy exists concerning the rights, duties and obligations of General Star and the defendants arising out of the terms and conditions of the policy. General Star asserts that it may deny coverage to the defendants for those claims outlined in the complaint as a result of the failure to comply with the plain terms of the policy, including those concerning the SIR and TPA. Accordingly, plaintiffs also seek a declaration from this Honorable Court that the insurance policies do not provide coverage to the defendants because the named insured, defendant Michael Kent, failed to (i) tender the SIR after proper demand; (ii) engage a TPA; and (iii) otherwise cooperate with General Star pursuant to the policy.

GENERAL STAR NATIONAL
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Howard Merten_______________
Howard Merten (#3171)
Keith E. Fayan (#7065)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
hm@psh.com
kef@psh.com

DATED: October ____, 2007

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT ON OCTOBER ____, 2007 A COPY OF THE FOREGOING MOTION FOR ALTERNATIVE SERVICE WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

/s/ Howard Merten____________

946642.1