**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY,
Plaintiffs

v.

C.A. No. 07-205

MICHAEL KENT;
79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and
219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX,
Defendants

**AMENDED COMPLAINT**

Plaintiffs, General Star National Insurance Company and General Star Indemnity Company (collectively hereinafter "General Star"), brings this action against the defendants, Michael Kent, 79-81 Washington Street Corp., and 219 South Atlantic Boulevard, Inc. for breach of the terms and conditions of a commercial general liability insurance policy relating to three claims against the policy identified herein. Plaintiffs bring this action due to the defendant's repeated failure to pay expenses due under or otherwise tender the Self-Insured Retention and to comply with the terms and conditions of the insurance policy. In Count I, plaintiffs seek a declaration that the insurance policy does not provide coverage for claim identified herein due to the insured's failure to comply with the terms of the policy. In Counts II and III, plaintiffs seek monetary damages for breach of contract resulting from the insured's failure to pay fees and costs due under the Self-Insured Retention and associated with the defense of the claims identified herein.

**PARTIES**

1. Plaintiff General Star National Insurance Company is a corporation authorized to do business as an insurance company in Rhode Island, and organized and existing under the laws of Ohio, with its principal place of business located at 695 East Main Street, Stamford, Connecticut.

2. Plaintiff General Star Indemnity Company is a surplus lines insurer that issues policies of insurance through surplus lines brokers licensed in the state of Rhode Island, and organized and existing under the laws of Connecticut, with its principal place of business located at 695 East Main Street, Stamford, Connecticut.

3. Defendant, Michael Kent, is, and at all times material to this complaint has been, upon information and belief, an individual residing in Warwick, Rhode Island.

4. 79-81 Washington Street, Corp., d/b/a The Strand, is a Rhode Island corporation with a mailing address of 56 Maple Street, Warwick, Rhode Island, 02888.

5. 219 South Atlantic Boulevard, Inc., d/b/a Beach Bums, d/b/a Atlantis, d/b/a The Beach Complex, is a Florida corporation with a mailing address of 56 Maple Street, Warwick, Rhode Island, 02888.

**JURISDICTION**

6. Federal jurisdiction over this matter is founded on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332, and the Declaratory Judgment Act; 28 U.S.C. § 2201, et. seq. and supplemental jurisdiction, pursuant to 28 U.S.C. § 1367

7. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332 for Counts I and II.

8. Supplemental jurisdiction exists over Count III because it are so related to the claims in the action for which original jurisdiction exists that they form part of the same case or controversy.

9. Personal jurisdiction over the defendants exists because each has a physical presence in Rhode Island, has transacted business in Rhode Island and has contracted to insure or act as a surety for or on behalf of persons, property, or risk located in the State of Rhode Island, or otherwise engaged in the business of insurance in Rhode Island.

**FACTS**

10. At all times material to this complaint, Kent has owned and operated nightclubs in Providence, Rhode Island, including The Strand located at 79-81 Washington Street.

11. At all times material to this complaint, Kent has owned and operated a nightclub in Fort Lauderdale, Florida, located at 219 South Atlantic Boulevard and variously known as Beach Bums, Atlantis or The Beach Complex.

12. During the period from September 29, 2002 to September 29, 2003, plaintiff General Star provided defendant Michael Kent a commercial general liability insurance coverage for bodily injury and property damage arising out of the ownership, maintenance, or use of certain covered premises in accordance with the terms and provisions of the insurance policy (the "Policy"). A summary of the Policy, dates of coverage, and covered premises is attached to this complaint as Exhibit A.

13. From September 29, 2001 to September 29, 2002, plaintiff General Star provided defendant Michael Kent a commercial general liability insurance coverage on a similar predecessor policy for bodily injury and property damage arising out of the ownership, maintenance, or use of certain covered premises in accordance with the terms and provisions of

the insurance policy (the "Predecessor Policy"). A summary of the Predecessor Policy, dates of coverage, and covered premises is attached to this complaint as Exhibit B. (Together the Policy and the Predecessor Policy are referred to as the "Policies".).

14. The Common Policy Declarations identifies defendant Michael Kent as the Named Insured (hereinafter, the "Named Insured"). *See* Exhibit A and B.

15. The introductory paragraph on page 1 of the Policies' Commercial General Liability Coverage Form states, "[T]hroughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance." *See* Exhibit A and B.

16. The Policies contain endorsements that specifically limit coverage to certain designated premises, including but not limited to a nightclub in Providence, Rhode Island known as The Strand and a nightclub in Fort Lauderdale, Florida known variously as Beach Bums, Atlantis or The Beach Complex. ("Covered Premises"). *See* Exhibit A and B.

17. The Policies contain a Self-Insured Retention endorsement which provides in paragraph I(a) that "[O]ur total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention." *See* Exhibits A and B.

18. The Self-Insured Retention endorsement specifies that the retained limit for each claim equals One Hundred Thousand ($100,000) Dollars (the "SIR"). *See* Exhibits A and B.

19. Paragraph I(b) of the Self-Insured Retention endorsement states that the SIR "[a]pplies to damage payments as well as claim handling and/or legal expenses (excluding

salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or 'suit' to which this policy applies." *See* Exhibits A and B.

20. Paragraph I(d) of the Self-Insured Retention endorsement specifically states that General Star has "no duty to defend any claim or 'suit' until the exhaustion of the Retained Limit." *See* Exhibits A and B.

21. Paragraph II(a) of the Self-Insured Retention endorsement states that General Star "[s]hall have the right and opportunity to associate with the insured in the defense, appeal or control of any claim or 'suit' to which this policy applies seeking damages in excess of the Retained Limit. In such event, the insured and we shall cooperate fully." *See* Exhibits A and B.

22. Paragraph IV(a) of the Self-Insured Retention endorsement requires that the insured contract with a Third Party Claims Administrator (TPA) to "administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims. *See* Exhibits A and B.

23. Paragraph IV(b) of the Self-Insured Retention endorsement states that if a TPA is not maintained, the policy will be terminated unless General Star expressly stipulates otherwise. *See* Exhibits A and B.

24. Paragraph IV(c) of the Self-Insured Retention endorsement states that:

> "Upon written request from us, you shall tender such portion of the Retained Limit as we deem necessary to complete the settlement of a claim or 'suit.' If you fail to do so, you will be monetarily responsible for:
>
> (1) any amount exceeding that which we requested to complete the settlement, or to satisfy the judgment of the claim or 'suit', and

(2) any expense payments on the claim or 'suit' that are incurred thirty (30) days after our request for tender."

*See* Exhibits A and B.

**The Balmforth Claim**

25. On or about April 1, 2005, an individual, Michael Balmforth, filed a complaint against defendant 79-81 Washington Street Corp. in Providence County Superior Court captioned *Balmforth v. 79-81 Washington Street Corp. d/b/a The Strand*, PC-2005-1609 ("Balmforth Lawsuit").

26. On or about April 7, 2005, the named insured, Michael Kent, provided notice to plaintiff General Star he claims coverage under the Policies identified in this complaint for the defense and cost of actions that exceed the amount of the SIR, pursuant to the Balmforth Lawsuit.

27. The Balmforth Lawsuit claims that Michael Balmforth ("Balmforth") patronized The Strand on September 28, 2002 through the early morning hours of September 29, 2002, and that in the early morning hours of September 29, 2002, Balmforth allegedly suffered personal injuries caused by several employees of The Strand.

28. Balmforth alleges that he suffered serious injuries that morning that required numerous hospital visits for treatment including staples and/or stitches to his head, face, and knee, as well as additional treatment for various contusions and abrasions.

29. Balmforth further alleges that he continues to suffer residual damages as a result of the alleged assault.

30. Balmforth's lawsuit remains unresolved.

31. On March 5, 2007, plaintiff faxed and mailed a letter certified mail demanding that the named insured, Michael Kent, provide documentation of the amount paid

under the SIR and that he tender the balance of the One Hundred Thousand ($100,000) Dollars to the plaintiff, pursuant to Paragraph IV(c) of the Self-Insured Retention endorsement. *See* Exhibit C.

32. The March 5, 2007 letter also requested that the named insured, Michael Kent, provide the identity of a TPA and a copy of a TPA contract, as is required pursuant to Paragraph IV(a) of the Self-Insured Retention endorsement. *See* Exhibit C.

33. The March 5, 2007 letter expressly stated that failure to tender the balance of the SIR and to assign and maintain a TPA could be considered "material and substantial breaches of the policy conditions" and result in the denial of benefits under the policy. *See* Exhibit C.

34. The named insured, Michael Kent, failed to provide any documentation, tender any portion of the SIR or identify the TPA.

**The Denyer Claim**

35. On or about October 15, 2004, an individual, Stuart Denyer, filed a complaint alleging negligence against 219 South Atlantic Boulevard, Inc., d/b/a Beach Bums, and/or d/b/a Atlantis, d/b/a The Beach Complex, and the landlord Swiss Beach Holdings, Inc., in Broward County Circuit Court captioned *Denyer v. Swiss Beach Holdings, Inc.; and 219 South Atlantic Boulevard, Inc., d/b/a Beach Bums, and/or d/b/a Atlantis, d/b/a The Beach Complex*, Case No. 04-06507 (18), for serious injuries resulting from being hit by a motor vehicle in front of the nightclub operated by 219 South Atlantic Boulevard, Inc. ("Denyer Lawsuit").

36. Subsequent to October 15, 2004, the named insured, Michael Kent, advised plaintiff that he claims coverage under the Policy enumerated in Paragraph 12 of this complaint for the defense and costs that exceed the amount of the SIR, pursuant to the Denyer Lawsuit.

37. The landlord, Swiss Beach Holdings, Inc., is an additional insured under the terms of the policy.

38. The defense of Swiss Beach Holdings, Inc. in the Denyer Lawsuit was provided under the policy and is subject to the SIR.

39. On September 21, 2005, a letter was sent certified mail by the plaintiff to the named insured, Michael Kent, regarding Kent's failure to pay expenses related to the defense of Swiss Beach Holdings, Inc. and informing defendant that failure to pay such expenses could constitute a violation of policy terms. *See* Exhibit D.

40. Defendants continued to fail to pay expenses.

41. On January 16, 2006, plaintiff sent a letter certified mail to the named insured, Michael Kent, demanding that he immediately pay the costs incurred in the defense of Swiss Beach Holdings, Inc. *See* Exhibit E.

42. The January 16, 2006 letter expressly informed defendants that failure to pay the costs of defense pursuant to the SIR would constitute a "material and substantial breach of the policy conditions" and could result in denial of coverage.

43. Defendants still continued to fail to pay expenses.

44. Swiss Beach Holdings, Inc. was granted summary judgment in May, 2006.

45. On December 4, 2006, plaintiff faxed and mailed a third letter, again by certified mail to the named insured, Michael Kent, demanding that he account for any payments that he made under the SIR and that he tender the balance of the SIR amount to Plaintiffs. *See* Exhibit F.

46. The December 4, 2006 letter also asked that defendant provide the identity of a TPA and a copy of a TPA contract as required by the Policy. *See* Exhibit F.

47. The December 4, 2006 letter again informed defendants that failure to pay expenses under the SIR and to tend the balance under the SIR to plaintiff would constitute a material and substantive breach of the policy conditions. *See* Exhibit F.

48. The December 4, 2006 letter also informed the defendants that failure to assign and maintain a TPA would constitute a material and substantive breach of the policy conditions. *See* Exhibit F.

49. Again, defendants continued to fail to pay expenses.

50. Defendants also failed to identify or maintain a TPA as requested and required under the policy.

51. On February 22, 2007, plaintiff faxed and mailed a fourth letter, certified mail, to the named insured, Michael Kent, demanding — again — that he tender the SIR amount and also provide the identity of a TPA and a copy of a TPA contract, pursuant to the SIR endorsement. *See* Exhibit G.

52. In its fourth letter, plaintiff informed defendants that failure to tender the SIR amount and also provide the identity of a TPA and a copy of a TPA contract, pursuant to the SIR endorsement, would constitute a material and substantive breach of the policy conditions. *See* Exhibit G.

53. Michael Kent again failed to respond to the request, tender the SIR, or provide the identity of a TPA or a copy of a TPA contract.

54. On March 9, 2007, plaintiff faxed and mailed a letter certified mail to the named insured, Michael Kent, demanding (i) that he immediately pay the invoices for the defense of Swiss Beach Holdings, Inc; and (ii) that he provide proof of all sums expended within the SIR by the named insured. *See* Exhibit H.

55. The March 9, 2007 letter also expressly stated that failure to pay the invoices would constitute a material and substantial breach of the insurance contract. Plaintiff also expressly reserved its rights to deny coverage, cancel the policy and/or institute an action to enforce the provisions and conditions of the policy. *See* Exhibit H.

56. Michael Kent has failed to tender any money, and failed to provide the identity of the TPA or a copy of the TPA contract.

57. The law firm that provided the defense to Swiss Beach Holdings, Inc. thereafter demanded payment of the invoices from the plaintiff.

58. The defense costs for Swiss Beach Holdings, Inc. in the Denyer Lawsuit totaled Fifty Thousand Five Hundred ($50,500.02) Dollars and 2/100.

59. On April 6, 2007, the plaintiff paid the outstanding invoices related to the defense of Swiss Beach Holdings, Inc in full. *See* Exhibit I.

60. Plaintiff has been informed by defendants' counsel in the Denyer matter that he has incurred in excess of Sixty Thousand ($60,000) Dollars but has failed to provide any backup or substantiation for these alleged expenses.

61. On August 31, 2007, the plaintiff negotiated a settlement of the Denyer lawsuit in excess of the SIR.

62. Michael Kent has failed to tender any money or records relating to expenses incurred within the SIR.

**The Almeida and Ercolano Claims**

63. On or about January 11, 2005, two individuals, Fabio Almeida and Hericon Ercolano, each filed nearly identical complaints alleging negligence against 219 South Atlantic Boulevard, Inc., d/b/a Club Atlantis, and the landlord Swiss Beach Holdings, Inc., in

Broward County Circuit Court respectively captioned *Almeida v. 219 South Atlantic Boulevard, Inc., d/b/a Club Atlantis; and Swiss Beach Holdings, Inc.*, Case No. 03-20862 (14); and *Ercolano v. 219 South Atlantic Boulevard, Inc., d/b/a Club Atlantis; and Swiss Beach Holdings, Inc.*, Case No. 03-20867 (14). Both cases arose from the same stabbing incident at the defendant's nightclub and were consolidated by the court. (hereinafter collectively referred to as the "Almeida/Ercolano Lawsuit").

64. After January 11, 2005, the named insured, Michael Kent, advised plaintiff that he claimed coverage under the Policy enumerated in Paragraph 12 of this complaint for the defense and cost of actions that exceed the amount of the SIR, pursuant to the Almeida/Ercolano Lawsuit.

65. The landlord, Swiss Beach Holdings, Inc., is an additional insured under the terms of the policy.

66. The defense of Swiss Beach Holdings, Inc. in the Almeida/Ercolano Lawsuit was provided under the policy and is subject to the SIR.

67. On or about March 9, 2006, the Almeida/Ercolano plaintiffs filed a Voluntary Dismissal without Prejudice as to Swiss Beach Holdings, Inc. in the Almeida/Ercolano Lawsuit.

68. The named insured, Michael Kent, failed to contract with a TPA, as required by Paragraph IV(a) of the SIR endorsement, to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims.

69. The defense costs for Swiss Beach Holdings, Inc. in the Almeida/Ercolano Lawsuit totaled Twenty-Two Thousand Two Hundred Forty ($22,240) Dollars.

70. The named insured, Michael Kent, has failed and refused to pay the costs incurred in defending Swiss Beach Holdings, Inc.

71. The law firm that provided the defense to Swiss Beach Holdings, Inc. thereafter demanded payment of the invoices from the plaintiff.

72. On April 6, 2007, the plaintiff paid the outstanding invoices related to the defense of Swiss Beach Holdings, Inc in full. *See* Exhibit J.

**COUNT I**

**(Declaratory Relief)**

**(Balmforth Claim)**

73. Plaintiffs repeat, reallege and incorporate the allegations contained in paragraphs 1 though 34.

74. The named insured failed to tender the retained limit after proper demand by plaintiffs, failed to contract with or maintain a TPA and otherwise cooperate with the plaintiffs in the Balmforth Lawsuit pursuant to the terms and conditions of the Policies.

75. Accordingly, General Star has taken the position and has advised the named insured, Michael Kent, that no coverage for the Balmforth Lawsuit is provided by the Policies.

76. An actual justiciable controversy exists concerning the rights, duties, and obligations of the parties arising out of the terms and conditions of the Policies.

WHEREFORE, plaintiffs respectfully request that the court enter judgment:

1) Declaring that the Policies described in this complaint do not provide coverage for the claims made against the named insured by Michael Balmforth, the plaintiff in a lawsuit that is pending in the Rhode Island Providence County Superior Court, captioned *Balmforth v. 79-81 Washington Street Corp.*, PC-2005-1609;

2) Awarding plaintiffs costs of suit; and

3) Granting such other and further relief as the court may deem just and proper.

**COUNT II**

**(Breach of Contract)**

**(Denyer Claim)**

77. Plaintiffs repeat, reallege and incorporate the allegations contained in paragraphs 1 though 24 and paragraphs 35 through 62.

78. Plaintiffs have performed all of their obligations under the insurance contract.

79. The named insured, Michael Kent, has failed to pay the costs associated with the defense of an additional insured, Swiss Beach Holdings, Inc., and has failed to document or substantiate in any way payments defendants have made pursuant to the requirements of the SIR endorsement to the Policy.

80. The named insured Michael Kent's failure to pay the costs associated with the defense of Swiss Beach Holdings, Inc. and his failure to document or substantiate in any way payments defendants have made pursuant to the requirements of the SIR endorsement constitute a breach of contract.

81. As a direct result of Michael Kent's failure to pay these costs, plaintiffs have been damaged in the amount of One Hundred Thousand ($100,000.00) Dollars and 00/100, and continues to suffer damages.

WHEREFORE, plaintiffs respectfully request that the court enter judgment:

1) Awarding plaintiffs One Hundred Thousand ($100,000.00) Dollars and 00/100;

2) Awarding plaintiffs costs of suit; and

3) Granting such other and further relief as the court may deem just and proper.

**COUNT III**

**(Breach of Contract)**

**(Almeida and Ercolano Claims)**

82. Plaintiffs repeat, reallege and incorporate the allegations contained in paragraphs 1 though 24 and paragraphs 63 through 72.

83. Plaintiffs have performed all of their obligations under the insurance contract.

84. The named insured, Michael Kent, failed to contract with a TPA.

85. The named insured, Michael Kent, has failed to pay the costs associated with the defense of an additional insured, Swiss Beach Holdings, Inc., pursuant to the requirements of the SIR endorsement.

86. The named insured Michael Kent's failure to pay the costs associated with the defense of Swiss Beach Holdings, Inc. pursuant to the SIR endorsement constitutes a breach of contract.

87. The named insured Michael Kent's failure to pay the costs associated with settlement of the Almeida lawsuit constitutes a breach of contract.

88. As a direct result of Michael Kent's failure to pay these costs, plaintiffs have been damaged in the amount of Twenty-Two Thousand Two Hundred Forty ($22,240) Dollars and 00/100, and continues to suffer damages.

WHEREFORE, plaintiffs respectfully request that the court enter judgment:

1) Awarding plaintiffs Twenty-Two Thousand Two Hundred Forty ($22,240) Dollars and 00/100;

2) Awarding plaintiffs costs of suit; and

3) Granting such other and further relief as the court may deem just and proper.

GENERAL STAR NATIONAL
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

______________________________

Howard Merten (#3171)
Keith E. Fayan (#7065)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: December ___, 2007