# EXHIBIT A

GeneralStar™

# GENERAL STAR NATIONAL INSURANCE COMPANY

(A STOCK INSURANCE COMPANY)
695 East Main Street
Stamford, Connecticut 06904-2354

## COMMON POLICY DECLARATIONS

**POLICY NUMBER** IYG359857D

**Previous Policy Number** IYG359857C

**NAMED INSURED** Michael Kent

**BROKER** NIF Services
Ten Jefferson Blvd
Warwick, RI 02886

**MAILING ADDRESS** 56 Maple Street
Warwick, RI 02888

**BILLPOINT CODE** 00075040

**FORM OF BUSINESS.** Corporation

**BUSINESS DESCRIPTION:** Clubs, Taverns, Restaurants

**POLICY PERIOD** From September 29, 2002 to September 29, 2003 at 12 01 A M Standard Time
*at your mailing address shown above*

**IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.**

**THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT**

| | PREMIUM |
|---|---|
| *Commercial General Liability Coverage Part* | *$200,000* |
| **TOTAL PREMIUM** | $200,000 |
| | Minimum & Deposit |

Premium shown is payable at inception, unless otherwise stated
Audit Period Annual, unless otherwise stated

## FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere in the policy)

IL 600 - Service of Suit
IL 00 17 11 98 -Common Policy Conditions

**THESE COMMON POLICY DECLARATIONS, COVERAGE PART DECLARATIONS AND COVERAGE FORMS TOGETHER WITH THE COMMON POLICY CONDITIONS AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.**

**COUNTERSIGNED AT** Stamford, Connecticut **on** February 18, 2003

**BY:** Patricia H Mohr[signature]
**AUTHORIZED REPRESENTATIVE**

Branch

03 GL 456 (08/2002)

# GENERAL STAR NATIONAL INSURANCE COMPANY

Stamford, Connecticut

## COMMERCIAL GENERAL LIABILITY COVERAGE PART DECLARATIONS

**POLICY NUMBER** IYG359857D

**LIMITS OF INSURANCE**

| | | |
|---|---|---|
| General Aggregate Limit | $ 2,000,000 | |
| Products-Completed Operations Aggregate Limit | $ 1,000,000 | |
| Each Occurrence Limit | $ 1,000,000 | |
| Personal & Advertising Injury Limit | $ 1,000,000 | Any one person or organization |
| Damage To Premise Rented To You Limit | $ 50,000 | Any one premises |
| *Medical Expense Limit* | *$ Not covered* | *Any one person* |

**DEDUCTIBLE LIABILITY INSURANCE**

Subject to Section IV - Conditions – Deductible
A $ N/A deductible applied on a Per Claim Basis, or (ONLY ONE APPLIES)
A $ SEE SIR 2 deductible applies on a Per Occurrence/Offense Basis
Your liability shall not exceed Not Applicable in the aggregate during the policy period
**(Enter "Not Applicable" if no deductible or deductible aggregate applies)**

**PREMIUM**

| Classification | Code No. | Premium Basis | Premium Basis Amount | Rate | Advance Premium |
|---|---|---|---|---|---|
| Restaurants w/DF and Alcohol | 16817 | Units | 21 | $9,524 | $200,000 |

*Per unit description Bars*

**Total Advance Premium** $200,000

**FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere)**

Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue

CG 00 01 10 01 - Commercial General Liability Coverage Form
03 GL 424 (10/2002) - Coverage Amendatory Endorsment
03 GL 442 (07/2002) - Exclusion -War or Terrorism
03 GL 449 (07/2002) - Self-Insured Retention Endorsement II
CG 21 44 (07/1998) - Limitation of Coverage to Designated Premises
CG 20 11 01 96 - Additional Insured - Managers or Lessors of Premises
CG 25 04 03 97 - Designated Location(s) General Aggregate Limit


© Copyright, General Star Management Company, Stamford, CT 2002
*Includes copyrighted material of Insurance Services Office, Inc., with its permission*

**RETROACTIVE DATE**

**(Applies only to CG 00 02 – Claims Made Commercial General Liability Coverage Form)**

1 Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date shown below and Coverage B of this insurance does not apply to "personal and advertising injury" caused by an offense committed before the Retroactive Date shown below

**Retroactive Date:** Not Applicable

2 The Retroactive Date for the insurance provided by some endorsements that are attached to and form a part of this Coverage Part may be different from the Retroactive Date shown above In that case, the Retroactive Date applicable to the insurance provided by such endorsements will be shown in those endorsements and

a The insurance provided by such endorsements under Coverage A, if any, does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date shown in those endorsements, and

b The insurance provided by such endorsements under Coverage B, if any, does not apply to "personal and advertising injury" caused by an offense committed before the Retroactive Date shown in those endorsements

**THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.**


© Copyright, General Star Management Company, Stamford, CT 2002
Includes copyrighted material of Insurance Services Office, Inc , with its permission

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage Read the entire policy carefully to determine rights, duties and what is and is not covered

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy The words "we", "us" and "our" refer to the company providing this insurance

The word "insured" means any person or organization qualifying as such under Section II – Who Is An Insured

Other words and phrases that appear in quotation marks have special meaning Refer to Section V – Definitions

## SECTION I – COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1 ***Insuring Agreement***

a We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies We will have the right and duty to defend the insured against any "suit" seeking those damages However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result But

**(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance, and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.

**b.** This insurance applies to "bodily injury" and "property damage" only if

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory",

**(2)** The "bodily injury" or "property damage" occurs during the policy period, and

**(3)** Prior to the policy period, no insured listed under Paragraph **1** of Section **II** – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period

**c.** "Bodily injury" or "property damage" which occurs during the policy period and was not, prior to the policy period, known to have occurred by any insured listed under Paragraph **1** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim, includes any continuation, change or resumption of that "bodily injury" or "property damage" after the end of the policy period

**d** "Bodily injury" or "property damage" will be deemed to have been known to have occurred at the earliest time when any insured listed under Paragraph **1** of Section **II** – Who Is An Insured or any "employee" authorized by you to give or receive notice of an "occurrence" or claim

**(1)** Reports all, or any part, of the "bodily injury" or "property damage" to us or any other insurer,

**(2)** Receives a written or verbal demand or claim for damages because of the "bodily injury" or "property damage", or

**(3)** Becomes aware by any other means that "bodily injury" or "property damage" has occurred or has begun to occur

 © ISO Properties, Inc , 2000 

Policy Number: IYG359857D 03 GL,PR 449 (07/2002)

GENERAL STAR NATIONAL INSURANCE COMPANY

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

Enter the Retroactive Date applicable to the insurance provided by this endorsement but only if different from the Retroactive Date shown in the Declarations Retroactive Date. Not Applicable

This endorsement modifies insurance provided for under the following

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

# SELF-INSURED RETENTION ENDORSEMENT II

*It is agreed that this insurance is subject to the following additional provisions In the event of conflict with any* provisions elsewhere in the policy, the provisions of this endorsement shall be deemed to apply

## I. Retained Limit

**a.** Our total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention, hereinafter called the Retained Limit

| | | Retained Limit | |
|---|---|---|---|
| ONE HUNDRED THSND | Dollars | $ 100,000 00 | Each Claim |
| NIL | Dollars | $ 0 00 | Aggregate, if applicable |

**b** The Retained Limit applies to damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies

**c** In the event that the aggregate Retained Limit is exhausted by payments, arising from injury, damage, or expenses to which this policy applies, the provisions of this Retention Endorsement are void and all terms and conditions of the policy are reinstated to their full force and effect, and we shall then be obligated to assume charge of the settlement or defense of any claim or "suit" against the insured not yet settled, whether or not reported to us

**d.** We have no duty to defend any claim or "suit" until the exhaustion of the Retained Limit

## II Supplementary Payments

**a** The section entitled "Supplementary Payments" is hereby deleted from the policy We, at our own expense, shall have the right and opportunity to associate with the insured in the defense, appeal or control of any claim or "suit" to which this policy applies seeking damages in excess of the Retained Limit In such event, the insured and we shall cooperate fully


© Copyright, General Star Management Company, Stamford, CT 2002
Includes copyrighted material of Insurance Services Office, Inc , with its permission

b Should any claim or "suit" to which this policy applies appear likely to exceed the Retained Limit, no damage payment or legal expenses shall be incurred on behalf of us without our written prior consent

III Coverage Form Section IV - **Conditions 2 "Duties in the Event of Occurrence, Claim or Suit"** is replaced by the following

2 **Duties in the Event of Occurrence, Claim or Suit.**

(a) You must see to it that the Claims Service Company is notified promptly of an "occurrence" or claim *Notice should include*

(1) How, when and where the "occurrence" or claim took place, and

(2) The names and addresses of any injured persons and witnesses

(b) You must see to it that we are notified promptly of an "occurrence" or claim that may involve this policy or which involves fatalities, spinal injuries, head injuries, loss of limb and other serious "bodily injury", *irrespective of liability or reserve You must also promptly notify us of any claim* with a total incurred reserve that is greater than or equal to the Self Insured Retention Notice to us should include

(1) How, when and where the "occurrence" or claim took place, and

(2) The names and addresses of any injured persons and witnesses

(c) You and any other involved insured must also

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit",

(2) Authorize us to obtain records and other information,

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit", and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization that may be liable to the insured because of injury or damage to which this insurance may also apply

(d) If a claim is made or "suit" is brought against any insured involving this policy, you must see to it that we receive prompt written notice of the claim or "suit"

IV **Special Conditions**

a Under the terms and conditions of this Self-Insured Retention Endorsement, you shall contract with to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims

b. If is not maintained as your claims administrator this policy will be cancelled, unless we expressly stipulate otherwise

c Upon written request from us, you shall tender such portion of the Retained Limit as we deem necessary to complete the settlement of a claim or "suit" If you fail to do so, you will be monetarily responsible for

 © Copyright, General Star Management Company, Stamford, CT 2002
Includes copyrighted material of Insurance Services Office, Inc , with its permission 

(1) any amount exceeding that which we requested to complete the settlement, or to satisfy the judgment of the claim or "suit", and

(2) any expense payments on the claim or "suit" that are incurred thirty (30) days after our request for tender

______________________________ ______________________________
**(Name of the Insured)** **(Title)**

This endorsement is subject to all the agreements, conditions and exclusions of the policy unless such agreements, conditions and exclusions are expressly modified or expressly eliminated hereby


© Copyright, General Star Management Company, Stamford, CT 2002
Includes copyrighted material of Insurance Services Office, Inc., with its permission

POLICY NUMBER IYG359857D

COMMERCIAL GENERAL LIABILITY
CG 21 44 07 98

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

# LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT

This endorsement modifies insurance provided under the following

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SCHEDULE**

**Premises:**

1 235 PROMENADE ST , INC D/B/A KAMP
235 PROMENADE STREET, PROVIDENCE, RI

2 52 PINE STREET INC D/B/A AMERICA
52 PINE STREET, PROVIDENCE, RI

3 STERN STREET, INC D/B/A HOT CLUB
10-12 STEAMS SQUARE, SPRINGFIELD, MA

**Premises**

4 215 MAIN STREET, INC D/B/A SH - BOOMS
215 MAIN STREET, WORCESTER, MA

5 PERIWINKLES COMEDY REVUE, INC D/B/A THE KEG ROOM
101 RICHMOND STREET, PROVIDENCE, RI

6 MICHAEL KENT'S PERSONALLY OWNED BUILDING
230 CROWN STREET, NEW HAVEN, CT

7 CONCERT CLUB, INC D/B/A THE COMPLEX
180 PINE STREET, PR OVIDENCE, RI

If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement )

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of

1 The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises, or

2. The project shown in the Schedule

 Copyright, Insurance Services Office, Inc , 1997 

**SCHEDULE**

**Premises**

8 P E ATLANTA, INC D/B/A BELL BOTTOMS
225 PHARR ROAD, FULTON COUNTY, ATLANTA, GA

9 CHUMLEY'S INC D/BA FINEGANS WAKE
395-397 WESTMINSTER STREET, PROVIDENCE, RI

10 3049 BOLLINGWAY, INC D/B/A URANUS
3049 PEACHSTREET ROAD, ATLANTA, GA

11 P E BIRMINGHAM, INC D/B/A BELL BOTTOMS
2001 HIGHLAND AVENUE SO , BIRMINGHAM, AL

12 MAIN OFFICE D/B/A CJ & J CONSULTING
56 MAPLE STREET, WARWICK, RI

13 SKJR INC D/B/A RE BAR
2299 POST ROAD, WARWICK, RI

14 MCDEE REALTY (BUILDING OWNER)
481 ATWOOD AVENUE, CRANSTON, RI

15 293 PHARR ROAD, INC D/B/A LIQUID ASSETS
293 PHARR ROAD, ATLANTA, GA

**Premises:**

16 TWIST ENTERTAINMENT INC D/B/A ART BAR
171 CHESTNUT STREET, PROVIDENCE, RI

17 79-81 WASHINGTON STREET CORP D/B/A THE STRAND
79-81 WASHINGTON STREET, PROVIDENCE, RI

18 90 COMMERCIAL STREET, LLC D/B/A AMEN
90 COMMERCIAL STREET, WORCESTER, MA

19 ATRIUM ONE EXCHANGE PLACE INC D/B/A/ MY MARTINI BAR
Z BAR, & JAILHOUSE ROCK
1 EXCHANGE PLACE
WORCHESTER, MA

20 219 SOUTH ATLANTIC BLVD INC D/B/A ATLANTIS
219 SOUTH ATLANTIC BLVD , FORT LAUDERDALE, FL

21 101 RICHMOND ST INC D/B/A DE JA VU
101 RICHMOND ST , PROVIDENCE, RI

# EXHIBIT B

# GENERAL STAR INDEMNITY COMPANY

(A STOCK INSURANCE COMPANY)
695 East Main Street
Stamford, Connecticut
06904-2354

## COMMON POLICY DECLARATIONS

**POLICY NUMBER** IYG-359857C

Previous Policy Number IYG-359857B

**NAMED INSURED** KENT MICHAEL

NIF SERVICES
Ten Jefferson Blvd.
Warwick, RI 02886

**MAILING ADDRESS** 56 MAPLE STREET
WARWICK, RI 02886

BILLPOINT CODE 00075040

POLICIES
OCT 12 2001
MAILED

**FORM OF BUSINESS:** CORPORATION

**BUSINESS DESCRIPTION:** CLUBS, TAVERNS, RESTAURANTS

**POLICY PERIOD:** From 08/29/2001 to 08/29/2002 at 12:01 A.M. Standard Time at your mailing address shown above.

IN RETURN FOR THE PAYMENT OF THE PREMIUM, AND SUBJECT TO ALL THE TERMS OF THIS POLICY, WE AGREE WITH YOU TO PROVIDE THE INSURANCE AS STATED IN THIS POLICY.

THIS POLICY CONSISTS OF THE FOLLOWING COVERAGE PARTS FOR WHICH A PREMIUM IS INDICATED. THIS PREMIUM MAY BE SUBJECT TO ADJUSTMENT.

| | PREMIUM |
|---|---|
| Commercial General Liability Coverage Part | $74,000.00 |

**TOTAL PREMIUM** $74,000.00
MINMUM & DEPOSIT

Premium shown is payable at inception, unless otherwise stated.
Audit Period: Annual, unless otherwise stated.

**FORMS AND ENDORSEMENTS** (other than applicable Forms and Endorsements shown elsewhere in the policy.):

SERVICE OF SUIT CLAUSE
ENDORSEMENT NO. 1 - NAMED INSURED

THESE COMMON POLICY DECLARATIONS, COVERAGE PART DECLARATIONS AND COVERAGE FORMS TOGETHER WITH THE COMMON POLICY CONDITIONS AND FORMS AND ENDORSEMENTS, IF ANY, ISSUED TO FORM A PART THEREOF, COMPLETE THE ABOVE NUMBERED POLICY.

**COUNTERSIGNED AT** New York, New York on 10/__/2001

BY: ______________________
AUTHORIZED REPRESENTATIVE

Branch Office

# GENERAL STAR INDEMNITY COMPANY
Stamford, Connecticut

## COMMERCIAL GENERAL LIABILITY DECLARATIONS

**POLICY NUMBER** IYG-359857C

### LIMITS OF INSURANCE

| | | |
|---|---|---|
| General Aggregate Limit (Other Than Products-Completed Operations) | | $2,000,000 |
| Products-Completed Operations Aggregate Limit | | $1,000,000 |
| Each Occurrence Limit | | $1,000,000 |
| Personal & Advertising Injury Limit | | $1,000,000 |
| Fire Damage Limit | (any one fire) | $ 50,000 |

### RETROACTIVE DATE

Coverage A of this insurance does not apply to "bodily injury" or "property damage" which occurs before the Retroactive Date, if any, shown below and Coverage B of this insurance does not apply to "personal injury" or "advertising injury" caused by an offense which occurs before the Retroactive Date, if any, shown below.

**Retroactive Date:** None

(enter Date or "None" if no Retroactive Date applies)

### DEDUCTIBLE LIABILITY INSURANCE

Subject to Section IV - Conditions - Deductible Liability.
A $ NONE deductible applies on a per claim basis, or (CHOOSE
A $ NONE deductible applies on a per occurrence basis ONE)
Your liability shall not exceed **$ NONE** in the aggregate during the policy period.
(Enter "None" if no deductible or deductible aggregate applies)

### PREMIUM

| Classification | Code No. | Premium Basis* | Rate | Advance Premium |
|---|---|---|---|---|
| CLUBS, TAVERN AND RESTAURANTS R/A: RESTAURANTS WITH SALES OF ALCOHOLIC BEVERAGES THAT ARE LESS THAN 75% OF THE TOTAL ANNUAL RECIEPTS OF THE RESTAURANTS - WITH DANCE FLOOR | 16815 | FLAT CHARGE | | $74,000 |
| NIGHTCLUBS, CABARETS AND DISCOTHEQUES | 15655 | INCL. | INCL. | INCL. |

**Total Advance Premium** **$74,000**

*Rates are per 1,000 unless otherwise stated

### FORMS AND ENDORSEMENTS (other than applicable Forms and Endorsements shown elsewhere)

Forms and Endorsements applying to this Coverage Part and made part of this policy at time of issue:

OCC-CGL-1 COMMERCIAL GENERAL LIABILITY COVERAGE FORM
ENDORSEMENT NO. 2 - SELF INSURED RETENTION ENDORSEMENT II
ENDORSEMENT NO. 3 - LIMITATION OF COVERAGE TO DESIGNATED PREMISES
ENDORSEMENT NO. 4 - ADDITIONAL INSURED LESSORS OF PREMISES
ENDORSEMENT NO. 5 - EXCLUION - ASSAULT & BATTERY
ENDORSEMENT NO. 6 - AMENDMENT-AGGREGATE LIMITS OF INSURANCE (PER LOCATION)

**THESE DECLARATIONS ARE PART OF THE POLICY DECLARATIONS CONTAINING THE NAME OF THE INSURED AND THE POLICY PERIOD.**

Branch Office

THIS ENDORSEMENT CHANGES THE COMMERCIAL LIABILITY POLICY. PLEASE READ IT CAREFULLY.

This endorsement, effective on ***AUGUST 29, 2001*** at Standard time shown in the Policy Declarations, forms a part of Policy Number ***IYG359857C*** issued to ***KENT MICHAEL*** by General Star Indemnity Company at Stamford, Connecticut on ***OCTOBER 12, 2001.***

Endorsement Number *1*

This endorsement modifies insurance provided for under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

**NAMED INSURED**

The NAMED INSURED shown in the Policy Declarations is amended to include:

MIKENT INC. D/B/A OLIVES MARTINI BAR
235 PROMENADE ST., INC. D/B/A STAGE
52 PINE STREET INC. D/B/A CHALLENGES
10-12 STEAMS SQUARE, INC. D/B/A HOT CLUB
215 MAIN STREET, INC. D/B/A SH - BOOMS
PERIWINKLES COMEDY REVUE, INC. D/B/A THE KEG ROOM
CROWN STREET ENTERPRISES D/B/A CHALLENGES
CONCERT CLUB, INC. D/B/A THE COMPLEX
PE ATLANTA, INC. D/B/A BELL BOTTOMS
CHUMLEY'S INC. D/B/A FINEGANS WAKE
3049 BOLLINGWAY, INC. D/B/A URANUS
PE BIRMINGHAM, INC. D/B/A BELL BOTTOMS
MAIN OFFICE D/B/A CJ & J CONSULTING, LTD.
SKJR, INC. D/B/A BREW CITY
MC DEE REALTY
293 PHARR ROAD, INC. D/B/A LIQUID ASSETS
TWIST ENTERTAINMENT, INC. D/B/A ART BAR
79-81 WASHINGTON STREET CORP. D/B/A THE STRAND
90 COMMERCIAL STREET, LLC D/B/A AMEN
ATRIUM ONE EXCHANGE PLACE INC. D/B/A/ MY MARTINI, 2 BAR & JAILHOUSE ROCK
219 SOUTH ATLANTIC BLVD INC.

Authorized Representative

NMDINS.OC
Ed. (08/93)

# COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

The word "insured" means any person or organization qualifying as such under WHO IS AN INSURED (SECTION II).

Other words and phrases that appear In quotation marks have special meaning. Refer to DEFINITIONS (SECTION V).

## SECTION I COVERAGES

## COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY

1. **Insuring Agreement.**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or property damage to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(1) The amount we will pay for damages is limited as described in LIMITS OF INSURANCE (SECTION III); and

(2) Our right and duty to defend end when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS - COVERAGES A AND B.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

(2) The "bodily injury" or "property damage" occurs during the policy period.

c. Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".

THIS ENDORSEMENT CHANGES THE COMMERCIAL LIABILITY POLICY. PLEASE READ IT CAREFULLY.

This endorsement, effective on ***AUGUST 29, 2001*** at Standard time shown in the Policy Declarations, forms a part of Policy Number ***IYG359857C*** issued to ***KENT MICHAEL*** by General Star Indemnity Company at Stamford, Connecticut on ***OCTOBER 12, 2001,.***

Endorsement Number *2*

This endorsement modifies insurance provided for under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

---

**SELF-INSURED RETENTION ENDORSEMENT II**

---

It is agreed that this insurance is subject to the following additional provisions. In the event of conflict with any provisions elsewhere in the policy, the provisions of this endorsement shall be deemed to apply.

I. (A) Our total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention, hereinafter called the Retained Limit.

RETAINED LIMIT

ONE HUNDRED THOUSAND Dollars ($100,000) Each occurrence

Not Applicable Dollars ($Not Applicable) Aggregate, If applicable

(B) The Retained Limit applies to damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies.

(C) In the event that the aggregate Retained Limit is exhausted by payments, arising from injury, damage, or expenses to which this policy applies, the provisions of this Retention Endorsement are void and all terms and conditions of the policy are reinstated to their full force and effect; and we shall then be obligated to assume charge of the settlement or defense of any claim or "suit" against the insured not yet settled, whether or not reported to us.

II. (A) The section entitled "Supplementary Payments" is hereby deleted from the policy. We, at our own expense, shall have the right and opportunity to associate with the insured in the defense, appeal or control of any claim or "suit" to which this policy applies seeking damages in excess of the Retained Limit. In such event, we and the insured shall cooperate fully.

(B) Should any claim or "suit" to which this policy applies appear likely to exceed the Retained Limit, no loss expenses or legal expenses shall be incurred on behalf of us without our prior consent.

III. Coverage Form Section IV - Conditions 2. "Duties in the Event of Occurrence, Claim or Suit" is replaced by the following:

2. Duties in the Event of Occurrence, Claim or Suit.

(a) You must see to it that the Claims Service Company is notified promptly of an "occurrence" which may result in a claim. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses.

(b) You must see to it that we are notified promptly of an "occurrence" which may result in a claim, that is likely to involve this policy or which involves fatalities, spinal injuries, head injuries, loss of limb and other serious "bodily injury", irrespective of liability or reserve. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses. Failure to notify us of any act or omission which at the time of its happening did not appear to involve this policy, but which at a later date would appear to give rise to claims hereunder, shall not prejudice such claims.

You and any other involved insured must also:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

(c) If a claim is made or "suit" is brought against any insured involving this policy, you must see to it that we receive prompt written notice of the claim or "suit".

IV. SPECIAL CONDITION

(A) Under the terms and conditions of this Self-Insured Retention Endorsement, you shall contract with
Vincent Pelligrino Adjusters, 275 Reservoir Avenue, Providence, RI 02907

(Name of Claim Service Company) to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims. The expiration or termination of this policy with us shall not absolve this obligation.

(B) In the event of a cancellation, expiration or revision of the contract between you and the Claims Service Company, you will notify us within ten days from the date of such cancellation, expiration or revision of the contract. If you fail to contract with a substitute Claims Service Company acceptable to us or are unable to pay for covered damage and supplementary payments within the Self-Insured Retention you acknowledge that we shall have the right but not the obligation to contract directly with a Claims Service Company to administer claim handling within the Self-Insured Retention until the conclusion of all reported claim and you shall indemnify us for any costs or expenses incurred to administer claim handling within the Self-Insured Retention should we elect to exercise our right to contract directly with a Claims Service Company under the circumstances set forth above.

(C) We shall have the right but not the duty to assume charge of the defense and/or settlement of any claim or "suit" brought against the insured and, upon written request from us, you shall tender such portion of the Self-Insured Retention as we may deem necessary to complete the settlement of such claim or "suit".

________________________ ________________________
(Name of the Insured) (Title)

This endorsement is subject to all the agreements, conditions and exclusions of the policy unless such agreements, conditions and exclusions are expressly modified or expressly eliminated hereby.

[signature]
Authorized Representative

THIS ENDORSEMENT CHANGES THE COMMERCIAL LIABILITY POLICY. PLEASE READ IT CAREFULLY.

This endorsement, effective on ***AUGUST 29, 2001*** at Standard time shown in the Policy Declarations, forms a part of Policy Number ***IYG359857C*** issued to ***KENT MICHAEL*** by General Star Indemnity Company at Stamford, Connecticut on ***OCTOBER 12, 2001.***

Endorsement Number *3*

This endorsement modifies insurance provided for under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

---

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES**

---

This insurance applies only to "bodily injury", "property damage", "personal injury" or "advertising injury" arising out of the ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises.

**SCHEDULE**

Premises:

1. MIKENT INC. D/B/A OLIVES MARTINI BAR
   108 N. MAIN STREET
   PROVIDENCE, RI

2. 235 PROMENADE ST., INC. D/B/A STAGE
   235 PROMENADE STREET
   PROVIDENCE, RI

3. 52 PINE STREET INC. D/B/A CHALLENGES
   52 PINE STREET
   PROVIDENCE, RI

4. 10-12 STEAMS SQUARE, INC. D/B/A HOT CLUB
   10-12 STEAMS SQUARE
   SPRINGFIELD, MA

5. 215 MAIN STREET, INC. D/B/A SH - BOOMS
   215 MAIN STREET
   WORCESTER, MA

LIMITATION OF COVERAGE TO DESIGNATED PREMISES
PAGE 2

**SCHEDULE**

Premises:

6 PERIWINKLES COMEDY REVUE, INC. D/B/A THE KEG ROOM
101 RICHMOND STREET
PROVIDENCE, RI

7. CROWN STREET ENTERPRISES D/B/A CHALLENGES
230 CROWN STREET
NEW HAVEN, CT

8. CONCERT CLUB, INC. D/B/A THE COMPLEX
180 PINE STREET
PROVIDENCE, RI

9. PE ATLANTA, INC. D/B/A BELL BOTTOMS
225 PHARR ROAD
FULTON COUNTY, ATLANTA, GA

10. CHUMLEY'S INC.D/BA FINEGANS WAKE
395-397 WESTMINSTER STREET
PROVIDENCE, RI

11. 3049 BOLLINGWAY, INC. D/B/A URANUS
3049 PEACHSTREET ROAD
ATLANTA, GA

12. PE BIRMINGHAM, INC. D/B/A BELL BOTTOMS
2001 HIGHLAND AVENUE SO.
BIRMINGHAM, AL

13. MAIN OFFICE D/B/A CJ & J CONSULTING, LTD.
56 MAPLE STREET
WARWICK, RI 02886

LIMITATION OF COVERAGE TO DESIGNATED PREMISES
PAGE 3

## SCHEDULE

Premises:

14. SKJR INC D/B/A RE BAR
2299 POST ROAD
WARWICK, RI

15. MCDEE REALTY (BUILDING OWNER)
481 ATWOOD AVENUE
CRANSTON, RI

16. 293 PHARR ROAD, INC. D/B/A LIQUID ASSETS
293 PHARR ROAD
ATLANTA, GA 30305

17.. TWIST ENTERTAINMENT INC. D/B/A ART BAR
171 CHESTNUT STREET,
PROVIDENCE, RI 02903

18. 79-81 WASHINGTON STREET CORP. D/B/A THE STRAND
79-81 WASHINGTON STREET
PROVIDENCE, RI

19. 90 COMMERCIAL STREET, LLC D/B/A AMEN
90 COMMERCIAL STREET
WORCESTER, MA

20. ATRIUM ONE EXCHANGE PLACE INC. D/B/A/MY MARTINI BAR
2 BAR, & JAILHOUSE ROCK
1 EXCHANGE PLACE
WORCHESTER, MA

21. 219 SOUTH ATLANTIC BLVD.INC.
219 SOUTH ATLANTIC BLVD.
FORT LAUDERDALE, FL

Authorized Representative

LIDSPE.OC
(Ed. 8/93)

# EXHIBIT C

GeneralStar™
General Star Management Company
Financial Centre
PO Box 10354
Stamford, CT 06904-2354
office phone 203 328 5700
fax 203 328 6744

March 5, 2007

**MAIL CERTIFIED RETURN RECEIPT**
**AND VIA FACSIMILI (401-784-3575)**

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

Re: Claimant: Michael Balmsforth
File No.: GS052401
Policy No.: IYG359857
Location: The Strand

Dear Mr. Kent:

Please recall that General Star Management Company is handling this matter on behalf of General Star Indemnity Company.

Please be advised that General Star Indemnity Company is making a formal request that you provide us with documentation as to the amount paid under the self-insured retention (SIR) and that you immediately tender the balance to us.

I refer you to the Self-Insured Retention Endorsement II, and direct your attention to section IV. Special Conditions. – c., (1), (2) which states:

IV. Special Conditions

c. Upon written request from us, you shall tender such portion of the Retained Limit as we deem necessary to complete the settlement of a claim or "suit". If you fail to do so, you will be monetarily responsible for

(1) any amount exceeding that which we requested to complete the settlement, or to satisfy the judgment of the claim or "suit", and

(2) any expense payments on the claim or "suit" that are incurred thirty (30) days after our request for tender

It has also been brought to our attention you have failed to use a third party claims administrator (TPA). Please provide us with the identity of your current TPA, and also a copy of the TPA contract. This is a requirement in your policy; refer to the Self-Insured Retention Endorsement II (see IV. Special Conditions – a. and b) which states:

IV. Special Conditions

a. Under the terms and conditions of this Self-Insured Retention Endorsement, you shall contract with ____________(TPA)__________ to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims

b. If ________(TPA)____________ is not maintained as your claims administrator this policy will be cancelled, unless we expressly stipulate otherwise

Your failure to tender the balance of the SIR can be deemed as a material and substantial breach of the policy conditions.

Additionally, your failure to assign and maintain a TPA can be considered as an independent and separate basis for a material and substantial breach of the above cited policy condition.

These two breaches either individually in the aggregate may result in a denial of benefits under the policy.

If you would like to discuss this further, please feel free to contact me.

Sincerely,

Lisa Sabia

Lisa Sabia
Claims Examiner

c: Herb DeSimone Jr. (401-421-0677)

# EXHIBIT D

GeneralStar

**General Star Management Company**
Financial Centre
P. O. Box 10354
Stamford, CT 06904-2354
Phone: (203) 328-5088
Fax: (203) 328-6744
Internet: LSabia@generalstar.com

Lisa C. Sabia

September 21, 2005

**CERTIFIED MAIL R.R.R.**

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

**RESERVATION OF RIGHTS**

| | | |
|---|---|---|
| RE: | Insured: | MICHAEL KENT, ETAL. |
| | Claimant: | STUART DENYER |
| | Date of Loss: | 8/25/03 |
| | Our File No.: | GS051705 – xref. GS051889 |

Dear Mr. Kent:

General Star Management Company, on behalf of General Star National Insurance Company (hereinafter collectively referred to as "General Star"), provides Michael Kent, etal with a commercial general liability policy under policy number IYG359857D effective 9/29/02 through 9/29/03. There is a $1,000,000.00 limit of liability with a $100,000.00 self insured retention.

The allegations bring rise to a coverage issue which is addressed below.

We refer you to the Insuring Agreement of the policy which states:

**SECTION I – COVERAGES**
**COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured

against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But: .....

We also refer you to the Self-Insured Retention Endorsement II which states:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**SELF-INSURED RETENTION ENDORSEMENT II**

It is agreed that this insurance is subject to the following provisions. In the event of conflict with any provisions elsewhere in the policy, the provisions of this endorsement shall be deemed to apply.

I. Retained Limit

a. Our total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention, hereinafter called the Retained Limit.

| | Retained Limit | |
|---|---|---|
| ONE HUNDRED THOUSAND Dollars | $100,000.00 | Each Claim |
| NIL Dollars | $0.00 | Aggregate, if applicable |

b. The Retained Limit applies to damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies.

c. In the event that the aggregate Retained Limit is exhausted by payments, arising from injury, damage, or expenses to which this policy applies, the provisions of this Retention Endorsement are void and all terms and conditions of the policy are reinstated to their full force and effect, and we shall then be obligated to assume charge of the settlement or defense of any claim or "suit" against the insured not yet settled, whether or not reported to us.

d. We have no duty to defend any claim or "suit" until the exhaustion of the Retained Limit.

It has been brought to my attention that expenses to which this policy applies have gone unpaid to date. Please also refer to my letter to you dated July 5, 2005 bringing your attention to this matter. General Star reserves the right to deny coverage for this matter based upon your violation of the policy provision quoted above.

General Star specifically reserves the right to conduct additional investigation or analysis that may be warranted in the event we receive new or additional information suggesting that plaintiffs are alleging a claim involving injury or damage to which the General Star policy may apply.

None of the acts of General Star's agents, attorneys or employees are to be construed as a waiver of or operate as an estoppel, with respect to any of General Star's rights under the captioned policy. Further, no conduct of General Star or its agents, attorneys, or employees is to be construed as a waiver or surrender of General Star's policy limitations, exclusions, conditions or agreements.

General Star recognizes that there may be additional information which has been developed since the claim was tendered which may impact upon coverage under the General Star policy. Accordingly, if you have any questions, comments or additional information which either contradicts or suggests that the position of General Star is incomplete or incorrect, please forward it to my attention.

Very truly yours,

Lisa C. Sabia

C: Ted Tenerow - Crawford & Comopany – 860-633-6771
Steve Osber – Rothstein Rosenfeldt Adler – 954-527-8663

# EXHIBIT E

GeneralStar™

**General Star Management Company**
Financial Centre
P. O. Box 10354
Stamford, CT 06904-2354
Phone: (203) 328-6637
Fax: (203) 328-6744
Internet: sleone@generalstar.com

Steve Leone
Second Vice President

January 16, 2006

**CERTIFIED MAIL R.R.R.**
7004-2510-0001-4365-9456

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

**COVERAGE POSITION LETTER**

| | | |
|---|---|---|
| RE: | Insured: | MICHAEL KENT, ETAL. |
| | Claimant: | STUART DENYER |
| | Date of Loss: | 8/25/03 |
| | Our File No.: | GS051889 |

Dear Mr. Kent:

General Star Management Company, on behalf of General Star Indemnity Company (hereinafter collectively referred to as "General Star"), provides Michael Kent, et al with a commercial general liability policy under policy number IYG359857D effective 9/29/02 through 9/29/03. There is a $1,000,000.00 limit of liability subject to a **$100,000.00 self insured retention**.

As you are aware, the above referenced file has been set up to defend the interests of the Additional Insured Swiss Beach Holdings, Inc. We have previously assigned the Law Offices of Koleos, Rosebnberg, Metzger & Doyle ("KOLEOS") to represent Swiss Beach Holdings.

We are in receipt of and for your convenience, attach a copy of a January 16, 2006 letter to you from the KOLEOS firm, which indicates, in pertinent part:

> *... As you know, since November, 2004 Koleos, Rosenberg, Metzger & Doyle, P.A. has been defending and representing the interest of Swiss Beach Holdings, Inc. under the terns and conditions of 219 South Atlantic Blvd., Inc's insurance policy with General Star Indemnity Company. Under that policy, there is a $100,000.00 self insured retention (SIR) which means you are responsible for payment of the first $100,000.00 in costs, fees, expenses and indemnity dollars in the case before General Star Indemnity Company pays $1.00...*
>
> *...As of this date, my firm has yet to be paid anything. Presently your company owes $34,411.41 for attorneys' fees and costs invoiced to date ($31,878.50 for fees, $2,532.91 for costs)...*
>
> *...Over the last six months, we have tried unsuccessfully to effectuate payment of these invoices...*
>
> ***...Should we not receive payment from you for the outstanding invoices by January 23, 2006, we will have no alternative but to petition the Court to withdraw our representation of Swiss Beach Holdings, inc. and this will have a detrimental and prejudicial impact on its defense in this matter... (Emphasis added)***

The above letter is extremely problematic and brings rise to certain coverage issues and if not immediately dealt with, ramifications under the General Star policy.

At this time, we refer you to the Insuring Agreement of the policy, which states:

> **SECTION I – COVERAGES**
> **COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:...

We now refer you to the Self-Insured Retention Endorsement II which states:

> COMMERCIAL GENERAL LIABILITY COVERAGE PART
>
> **SELF-INSURED RETENTION ENDORSEMENT II**
>
> It is agreed that this insurance is subject to the following provisions. In the event of conflict with any provisions elsewhere in the policy, the provisions of this endorsement shall be deemed to apply.
>
> I. Retained Limit

a. Our total liability for all damages shall not exceed the limits of liability as stated in the Coverage Part Declarations, Coverage Form or Endorsements attached to this policy and shall apply in excess of your Self-Insured Retention, hereinafter called the Retained Limit.

Retained Limit

| | | |
|---|---|---|
| ONE HUNDRED THOUSAND Dollars | $100,000.00 | Each Claim |
| NIL Dollars | $0.00 | Aggregate, if applicable |

b. The Retained Limit applies to damage payments as well as claim handling and/or legal expenses (excluding salaries of employees and office expenses of the insured) incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies.

c. In the event that the aggregate Retained Limit is exhausted by payments, arising from injury, damage, or expenses to which this policy applies, the provisions of this Retention Endorsement are void and all terms and conditions of the policy are reinstated to their full force and effect, and we shall then be obligated to assume charge of the settlement or defense of any claim or "suit" against the insured not yet settled, whether or not reported to us.

d. We have no duty to defend any claim or "suit" until the exhaustion of the Retained Limit.

We now refer you to the Conditions section of your policy, which reads as follows:

SECTION IV - COMMERCIAL GENERAL LIABILITY CONDITIONS

...

**2. Duties In The Event Of Occurrence, Offense, Claim Or Suit**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

**c.** You and any other involved insured must:

**(1)** Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

**(2)** Authorize us to obtain, records and other information;

**(3)** Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

**(4)** Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

Pursuant to the above stated policy language, you have a duty to cooperate with us in the defense and/or investigation of this matter. Your failure to immediately honor the outstanding defense costs and fees will result in defense counsel filing a petition to withdraw, which will severely prejudice our ability to defend this matter.

By this letter, if not done so already, we ask that you make immediate contact with Daniel J. Koleos of the KOLEOS firm to make payment arrangements. Your failure to do so will be deemed to be a material and substantial breach of the policy Conditions. Should this occur, we will have no other alternative but to deny coverage for this matter based upon your violation of the policy provision quoted above.

None of the acts of General Star's agents, attorneys or employees are to be construed as a waiver of or operate as an estoppel, with respect to any of General Star's rights under the captioned policy. Further, no conduct of General Star or its agents, attorneys, or employees is to be construed as a waiver or surrender of General Star's policy limitations, exclusions, conditions or agreements.

General Star recognizes that there may be additional information which has been developed since the claim was tendered which may impact upon coverage under the General Star policy. Accordingly, if you have any questions, comments or additional information, which either contradicts or suggests that the position of General Star is incomplete or incorrect, please forward it to my attention.

We thank you in advance for your anticipated cooperation.

Very truly yours,

S.V. Leone

Steve Leone

051889CP

CC: **VIA FAX: 954-474-9959 & US MAIL**
Daniel J. Koleos Esq.
Koleos, Rosenberg, Metzger & Doyle
1000 S. Pine Island Road, Suite 450
Fort Lauderdale, FL 33324

**VIA FAX: 860-633-6771 & US MAIL**
Mr. Ted Tenerow
Crawford & Company
Post Office Box 539
Glastonbury, CT 06033

7004 2510 0001 4365 9456

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
***(Domestic Mail Only; No Insurance Coverage Provided)***

**For delivery information visit our website at www.usps.com®**

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

STAMFORD CT 069?0-9731 PROC & DIST CTR JAN 2008

GS051889

Sent To Mr. Michael Kent

Street, Apt. No.; or PO Box No. 56 Maple Street

City, State, ZIP+4 Warwick, RI 02888

PS Form 3800, June 2002 See Reverse for Instructions

**VIA FAX: 954-627-6640 & US MAIL**
R. David Ravine Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
1 East Broward Boulevard, Suite 500
Ft. Lauderdale, FL 33301

LAW OFFICES

KOLEOS, ROSENBERG, METZGER & DOYLE

PROFESSIONAL ASSOCIATION

[illegible] N. Tampa St., Suite 3965
Tampa, Florida 33602

Telephone (813) 472-7750
Facsimile (813) 472-7751
E-Mail [illegible]

1000 S. Pine Island Road, Suite 450
Fort Lauderdale, Florida 33324

Reply Only To
Fort Lauderdale Office

Telephone (954) 474-9929
Facsimile (954) 474-9959
E-Mail [illegible]

January 16, 2006

**<u>URGENT ATTENTION NEEDED</u>**

GS-051889

**VIA COURIER**
Michael Kent
c/o Scott W. Rothstein, Esq.
Rothstein & Rosenfeldt
300 SE 2nd Street
Suite 860
Fort Lauderdale, FL 33301

Re: **Stuart Denyer v. Swiss Beach Holdings, Inc., a Florida corporation and 219 South Atlantic Blvd., Inc., a corporation d/b/a Beach Bums and/or d/b/a Atlantis and/or d/b/a The Beach Complex**
Case No. : **04-06507 (18) (Broward Circuit Court)**
Our File No. : **GEN-40745**

Dear Mr. Kent:

I spoke with Lois on Friday and she told me that you would be meeting with Mr. Rothstein today to discuss, among other things, payment of my firm's billing invoices. As you know, since November, 2004, Koleos, Rosenberg, Metzger & Doyle, P.A. has been defending and representing the interest of Swiss Beach Holdings, Inc. under the terms and conditions of 219 South Atlantic Blvd., Inc.'s insurance policy with General Star Indemnity Company. Under that policy, there is a $100,000.00 self insured retention (SIR) which means you are responsible for payment of the first $100,000.00 in costs, fees, expenses and indemnity dollars in the case before General Star Indemnity Company pays $1.00.

Under the SIR provisions of the policy, we have been forwarding our firm billing invoices to Ted Tenerow, Crawford & Company, the third party administrator, for payment. In turn, Mr. Tenerow has forwarded all of these invoices to your company for payment. As of this date, my firm has yet to be paid anything. Presently your company owes $34,411.41 for attorneys' fees and costs invoiced to date ($31,878.50 for fees, $2,532.91 for costs).

Over the last six months, we have tried unsuccessfully to effectuate payment of these invoices. Mr. Ted Tenerow has communicated directly with Lois but to no avail. We have communicated with Mr. Doorley, your agent, but to no avail. We've communicated

with Lois but to no avail. Despite these efforts, the invoices remain unpaid.

Please put our firm's billing invoices for direct payment at your earliest opportunity. Unfortunately, my firm can no longer continue to represent Swiss Beach Holdings, Inc. without being paid. Should we not receive payment from you for the outstanding invoices by January 23, 2006, we will have no alternative but to petition the Court to withdraw our representation of Swiss Beach Holdings, Inc. and this will have a detrimental and prejudicial impact on its defense in this matter.

Accordingly, your immediate attention and consideration of these matters will be greatly appreciated. Thank you.

Very truly yours,

DANIEL J. KOLEOS
LEONARD D. BLUMENTHAL

DJK:LDB:kmg

cc: Steven V. Leone (GSMC Claim No. GS-051889) (via e-mail)
Ted Tenerow (Crawford Claim No. 547-52891 TT) (via e-mail)

G:\Denyer\kent 1.doc

# EXHIBIT F

GeneralStar™
General Star Management Company
695 East Main Street
P.O. Box 10354
Stamford, CT 06904-2354
office phone 203 328 5700

December 4, 2006

**MAIL CERTIFIED RETURN RECEIPT**
**AND VIA FACSIMILI**

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

Re: Claimant: Stuart Denyer
File No.: GS051705
Policy No.: IYG359857D
Location: 219 South Atlantic Blvd.

Dear Mr. Kent:

Please recall that General Star Management Company is handling this matter on behalf of General Star Indemnity Company.

Please be advised that General Star Indemnity Company is making a formal request that you provide us with documentation as to the amount paid under the self-insured retention (SIR) and that you immediately tender the balance to us.

It has been brought to our attention that expenses to which this policy applies continues to go unpaid. Attached for your convenience is a letter dated September 21, 2005 making you aware of this issue. I refer you to the Self-Insured Retention Endorsement II, and direct your attention to section IV. Special Conditions. – c., (1), (2) which states:

IV. Special Conditions

c. Upon written request from us, you shall tender such portion of the Retained Limit as we deem necessary to complete the settlement of a claim or "suit". If you fail to do so, you will be monetarily responsible for

(1) any amount exceeding that which we requested to complete the settlement, or to satisfy the judgment of the claim or "suit", and

(2) any expense payments on the claim or "suit" that are incurred thirty (30) days after our request for tender

It has also been brought to our attention you have failed to use a third party claims administrator (TPA). Please provide us with the identity of your current TPA, and also a copy of the TPA contract. This is a requirement in your policy; refer to the Self-Insured Retention Endorsement II (see IV. Special Conditions – a. and b) which states:

IV. Special Conditions

a. Under the terms and conditions of this Self-Insured Retention Endorsement, you shall contract with ________________(TPA)__________ to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims

b. If __________(TPA)_____________ is not maintained as your claims administrator this policy will be cancelled, unless we expressly stipulate otherwise

Your failure to tender the balance of the SIR can be deemed as a material and substantial breach of the policy conditions.

Additionally, your failure to assign and maintain a TPA can be considered as an independent and separate basis for a material and substantial breach of the above cited policy condition.

These two breaches either individually in the aggregate may result in a denial of benefits under the policy.

If you would like to discuss this further, please feel free to contact me.

Sincerely,

Lisa Sabia

Lisa Sabia
Claims Examiner

7004 2510 0005 6561 7362

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

PROC & DIST CTR · STAMFORD CT 069 · DEC 4 2006 · 05

Sent To: Mr. Michael Kent
Street, Apt. No.; or PO Box No.: 56 Maple Street
City, State, ZIP+4: Warwick, RI 02888

PS Form 3800, June 2002 · See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery
1-26

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)* ☐ Yes

2. Article Number
*(Transfer from service label)* 7004 2510 0005 6561 7362

PS Form 3811, February 2004 Domestic Return Receipt 102595-02-M-1540

# EXHIBIT G

GeneralStar™
General Star Management Company
Financial Centre
PO Box 10354
Stamford, CT 06904-2354
office phone 203 328 5700
fax 203 328 6744

February 22, 2007

**MAIL CERTIFIED RETURN RECEIPT**
**AND VIA FACSIMILI**
**401-784-3575**

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

Re: Claimant: Stuart Denyer
File No.: GS051705
Policy No.: IYG359857D
Location: 219 South Atlantic Blvd.

Dear Mr. Kent:

Please recall that General Star Management Company is handling this matter on behalf of General Star Indemnity Company. On December 4, 2006 I mailed and faxed you a letter making a formal request that you immediately tender the balance of your self-insured retention (SIR) to us. We also requested that you provide us with documentation as to the amount paid under the SIR. To date, you have failed to respond to our request.

I once again refer you to the Self-Insured Retention Endorsement II, and direct your attention to section IV. Special Conditions. – c., (1), (2) which states:

IV. Special Conditions

c. Upon written request from us, you shall tender such portion of the Retained Limit as we deem necessary to complete the settlement of a claim or "suit". If you fail to do so, you will be monetarily responsible for

(1) any amount exceeding that which we requested to complete the settlement, or to satisfy the judgment of the claim or "suit", and

(2) any expense payments on the claim or "suit" that are incurred thirty (30) days after our request for tender

We also requested that you provide us with the identity of your current TPA, and a copy of the TPA contract. This is a requirement in your policy; refer to the Self-Insured Retention Endorsement II (see IV. Special Conditions – a. and b) which states:

IV. Special Conditions

a. Under the terms and conditions of this Self-Insured Retention Endorsement, you shall contract with ______________(TPA)__________ to administer claims handling within the Retained Limit until the conclusion of all reported incidents or claims

b. If __________(TPA)_______________ is not maintained as your claims administrator this policy will be cancelled, unless we expressly stipulate otherwise

Your failure to tender the balance of the SIR can be deemed as a material and substantial breach of the policy conditions.

Additionally, your failure to assign and maintain a TPA can be considered as an independent and separate basis for a material and substantial breach of the above cited policy condition.

These two breaches either individually in the aggregate may result in a denial of benefits under the policy.

If I do not receive the proper documentation and the balance of your SIR by March 22, 2007, General Star Management Company will be reassigning the defense to Daniel Koleos of Koleos, Rosenberg & Metzger, P.A. to handle this claim/lawsuit to its conclusion.

If you would like to discuss this further, please feel free to contact me.

Sincerely,

Lisa Sabia

Lisa Sabia
Claims Examiner

c: Steven Osber
via facsimile
954-527-8663

# EXHIBIT H

GeneralStar™
General Star Management Company
Financial Centre
PO Box 10354
Stamford, CT 06904-2354
office phone 203 328 5700
fax 203 328 6744

March 9, 2007

**MAIL CERTIFIED RETURN RECEIPT**
**AND VIA FACSIMILI**
**401-784-3575**

Mr. Michael Kent
56 Maple Street
Warwick, RI 02888

Re: Claimant: Stuart Denyer
File No.: GS051705
Policy No.: IYG359857D
Location: 219 South Atlantic Blvd.

Dear Mr. Kent:

As you know, Crawford & Company administered the Denyer lawsuit referenced above on behalf of Michael Kent and his scheduled property for the benefit of Swiss Beach Holdings, Inc., an additional insured under the lessor's endorsement to the General Star National Insurance Company policy referenced above.

As you further know, the defense provided to Swiss Beach Holdings, Inc. under the General Star National Insurance Company policy was subject to the Self-Insured Retention Endorsement (SIR), 03GLPR449 (7/2002), which required Michael Kent, the named insured, to satisfy the Retained Limit incurred by the insured in the investigation, negotiation, settlement and defense of any claim or "suit" to which this policy applies. As you have been previously advised, the SIR obligations of the Michael Kent policy applies to the Denyer lawsuit.

Please be further advised that the additional insured, Swiss Beach Holdings, Inc., has made a demand for immediate payment of its billing invoices for fees and costs incurred in defense of the claims made against it in Denyer. We have enclosed copies of the demand and billing invoices for your review and immediate action. General Star National Insurance Company hereby demands that you pay these invoices by the close of business on March 15, 2007 as they are your contractual obligation under the Self-Insured Retention Endorsement to the policy and as of this date, you have not provided General Star with satisfactory proof of exhaustion of the SIR Retained Limit of $100,000.00. If you fail to pay these invoices as demanded herein, General Star National Insurance Company will deem such failure to be a material and substantial breach of the insurance contract including the SIR Endorsement.

General Star National Insurance Company reserves it rights to deny coverage, cancel the policy and institute an action to enforce the provisions and conditions of the General Star National Insurance Company policy.

**PLEASE GOVERN YOURSELF ACCORDINGLY.**

Sincerely,

Lisa Sabia

Lisa Sabia
Claims Examiner

c: Steven Osber
via facsimile – (954)527-8663

# EXHIBIT I

LAW OFFICES

# KOLEOS, ROSENBERG & DOYLE

PROFESSIONAL ASSOCIATION

1000 SOUTH PINE ISLAND ROAD
SUITE 450
FT. LAUDERDALE, FLORIDA
33324

TELEPHONE: (954) 474-9929
FACSIMILE: (954) 474-9959
EMAIL: krm@krmpa.com
www.krmpa.com

April 11, 2007

**VIA E-MAIL**
Lisa Sabia
Claim Examiner
General Star Management Company
Financial Centre
P.O. Box 10354
Stamford, CT 06904

**Re: Stuart Denyer v. Swiss Beach Holdings, Inc., a Florida corporation and 219 South Atlantic Blvd., Inc., a corporation d/b/a Beach Bums and/or d/b/a Atlantis and/or d/b/a The Beach Complex**

| | | |
|---|---|---|
| **Case No.** | **:** | **04-06507 (18) (Broward Circuit Court)** |
| **D/O/L** | **:** | **8/25/03** |
| **GSMC Claim #** | **:** | **GS-051889** |
| **Our File No.** | **:** | **GEN-40745** |

Dear Ms. Sabia:

This letter confirms that by check number 24144351 dated April 6, 2007, General Star paid the following Koleos, Rosenberg, Metzger & Doyle, P.A. billing invoices totaling $50,500.02 in full:

| Invoice No. | Date | Amount |
|---|---|---|
| • 5198 | February 22, 2005 | $ 3,830.95 |
| • 5543 | May 16, 2005 | $ 4,934.60 |
| • 5992 | August 14, 2005 | $13,213.45 |
| • 6313 | October 19, 2005 | $ 8,837.31 |
| • 6553 | December 9, 2005 | $ 3,595.10 |
| • 6796 | February 14, 2006 | $12,180.61 |
| • 7292 | May 11, 2006 | $ 3,908.00 |

Thank you. Should you have any questions regarding the above matter, please do not hesitate to write or call.

Very truly yours,

DANIEL J. KOLEOS
LEONARD D. BLUMENTHAL

DJK:LDB:kmg
cc: Tom Toomey
G:\CLOSED\Denyer\sabia 2 gen star payment.doc

# EXHIBIT J