# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY,<br>Plaintiffs | : | |
| v. | : | C. A. No. 07-205 |
| MICHAEL KENT; 79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and 219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX,<br>Defendants | : | ANSWER AND COUNTERCLAIM |

## ANSWER OF DEFENDANTS TO AMENDED COMPLAINT

### Parties

1. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

2. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

3. Denied.

4. Admitted.

5. Admitted except that the mailing address is PO Box 5180, Wakefield, RI 02880.

### Jurisdiction

6. Denied.

7. Denied.

8. Denied.

9. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

## Facts

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Denied, however Defendants did contract with a TPA.

23. Denied, however Defendants did contract with a TPA.

24. Defendants assert the document speaks for itself, but also aver that their liability cannot exceed the amount of the SIR.

## The Balmforth Claim

25. Admitted.

26. Admitted, that the Defendants claimed coverage under the 02-03 policy, the remaining allegations are neither admitted nor denied.

27. Admitted.

28. Admitted.

29. Admitted.

30. Admitted.

31. Defendants admit only that such a letter was mailed by Plaintiff, but deny the remaining allegations, said request not being made to complete a settlement or to satisfy a judgment.

32. Defendants deny that a TPA contract is required by the policy or that the identity of the TPA be provided; however, the Defendants did maintain a TPA who was known to Plaintiff.

33. Defendants answer by stating that the letter speaks for itself, but state that the assertions made in the letter are incorrect.

34. Defendants answer by stating that it was not required to do so by the policy. The Defendants have engaged the services of a TPA, Ellen Perry, though not required to do so, and her identity has been made known to Plaintiff.

**The Denyer Claim**

35. Admitted.

36. Admitted that coverage was claimed under the policy; the remaining allegations are neither admitted nor denied.

37. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

38. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

39. Defendants admit only that such a letter was mailed but deny the remaining allegations.

40. Defendants deny that he was responsible to pay such expenses.

41. Defendants admit that a letter was mailed, but deny that they are responsible to pay said expenses and also assert that said costs are not reasonable.

42. Defendants admit that a letter was mailed, but deny that they are responsible to pay said expenses and also assert that said costs are not reasonable.

43. Defendants admit that a letter was mailed, but deny that they are responsible to pay said expenses and also assert that said costs are not reasonable.

44. Admitted, but Defendants assert that the pre-trial discovery conducted was unreasonable and unnecessary.

45. Defendants admit that a letter was mailed but deny that they were obligated to comply with the requests set out in the letter.

46. Defendants assert the identity of a TPA is not required, nor are they required to provide a copy of a TPA contract; however, Defendants did engage a TPA whose identity was known to Plaintiff.

47. Defendants state the letter speaks for itself, but also state that the assertions made in the letter are incorrect.

48. Defendants state that they were not required to do so by the policy but that they have engaged the services of a TPA, whose identity has been made known to Plaintiff.

49. Defendants state it was not required to do so.

50. Denied.

51. Defendants admit that a letter was mailed but state the assertions made in the letter are incorrect; further answering, Defendants state that the legal fees they incurred in the defense of the claim exhausted the SIR Amount.

52. Defendants admit that a letter was mailed but state the assertions made in the letter are incorrect; further answering, Defendants state the legal fees they incurred in defense of the claim exhausted the SIR Amount.

53. Defendants state they did provide the identity of a TPA, but were not required to provide a copy of the contract or tender an SIR; further, the SIR had been exhausted and Defendants were not responsible for the Swiss Beach fees.

54. Defendants admit a letter was mailed but deny they are responsible to pay for the defense of Swiss Beach.

55. Defendants state that the assertions made in the letter are incorrect, as they are not responsible to pay the Swiss Beach fees.

56. Denied.

57. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

58. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation; however, if that is the amount billed, then said expenses are unreasonable and unnecessary.

59. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

60. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

61. Admitted

62. Denied.

**The Almeida and Ercolano Claims**

63. Neither admitted nor denied.

64. Admitted that coverage was claimed under the policy, the remaining allegations are neither admitted nor denied.

65. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

66. Denied.

67. Neither admitted nor denied, Defendants being without sufficient information to form a belief as to the truth of the allegation.

68. Denied.

69. Neither admitted nor denied.

70. Defendants deny that they are obligated to pay the defense costs of Swiss Beach and further state they are unnecessary and unreasonable.

71. Neither admitted nor denied.

72. Neither admitted nor denied.

**COUNT I**
**(Declaratory Relief)**
**(Balmforth Claim)**

73. Defendants incorporate their Answers to Paragraphs 1-34.

74. Denied.

75. Admitted that General Star has taken said position, but state that said position is incorrect.

76. Denied.

**COUNT II**
**(Declaratory RELIEF)**
**(Denyer CLAIM)**

77. Defendants incorporate their answers to paragraphs 1-24 and 35-62.

78. Denied.

79. Denied.

80. Denied.

81. Denied

## COUNT III
## (BREACH OF CONTRACT)
## (DENYER CLAIM)

82. Defendants incorporate their Answers to Paragraphs 1-24 NS 63-72.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

1. Plaintiff has failed to state a claim for relief against the Defendants upon which relief may be granted.

2. Defendants assert the defense of waiver, estoppel and laches.

3. Defendants assert the defense of breach of contract by the Plaintiff.

4. Defendants assert that the policy of insurance does not require the engagement of a TPA.

5. Defendants have complied with all of the requirements contained in the policy that was in effect at the time of the occurrence in the Balmforth case.

6. The Defendants have engaged the services of a TPA, whose identity was known to Plaintiff.

7. Defendants assert that they are not obligated to pay for the defense costs for the landlord, Swiss Beach Holdings, Inc., and in the alternative, state that said expenses are unreasonable and unnecessary.

8. Plaintiff has waived all of its claims against the Defendants as a result of its unilateral decision to settle the Denyer case for $750,000.

9. Defendants assert they exhausted the SIR as a result of the legal fees incurred in defense of the claims.

WHEREFORE, Defendants demand that the Plaintiff's Complaint be dismissed and that judgment enter on its behalf.

Defendants,
By their Attorney,

/s/ Herbert F. DeSimone, Jr.
Herbert F. DeSimone, Jr., Esq. #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@coversent.net

Defendants demand a trial by jury.

## COUNTERCLAIM
### COUNT I

1. The Defendants were not required to tender the retained limits pursuant to the General Star policy, as said request was not made to complete a settlement or to satisfy a judgment.

2. The Defendants were not required by the General Star policy to contract with a "third party claims administrator (TPA)" and the operative paragraph (Paragraph IV Special Conditions) was left blank by General Star, and does not require the Defendants to contract with anyone.

3. Notwithstanding the fact that it was not required by the policy to do so, the Defendants did engage Ellen M. Perry, 71 Cherry Hill Road, Johnston, Rhode Island 02919, to serve as its third party claims administrator, and has done so continuously for several years. Ellen M. Perry still serves as the TPA for the Defendants.

4. Defendants have paid the premium in full and complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence in the Balmforth, Denyer, Almeida and Ercolano cases.

WHEREFORE, Defendants requests that the Court enter judgment:

1. Declaring that the Defendants have complied with all of the relevant terms and conditions of the General Star policy in effect at the time of the occurrence of the Balmforth, Denyer, Almeida and Ercolano cases.

2. Declaring that the General Star policy in effect at the time of the occurrence in the above cases does not require the Defendants to tender the retained limits as requested by Plaintiff, and does not require the Defendants to contract with a third party claims administrator, or in the alternative to declare that Defendants have contracted with a third party claims administrator as required by the policy.

3. Order the Plaintiff to comply with its obligations pursuant to its policy and provide complete coverage to the Defendants in the above cases.

4. Grant Defendants their costs of suit.

5. Grant such other relief as is just.

## COUNTERCLAIM
### COUNT II

1. Denyer's claims against the landlord Swiss Beach Holdings, Inc. were frivolous.

2. The Defendants attorneys advised the attorney's appointed by Plaintiff to represent Swiss Beach that Denyer's claims against Swiss Beach's landlord were frivolous and could not be supported. The Defendant's attorneys advised Swiss Beach's attorneys to promptly file a motion for summary judgment, but the Swiss Beach attorneys instead embarked on a lengthy course of discovery, thereby unnecessarily increasing the amount of the attorney's fees and costs.

3. The Swiss Beach attorneys engaged by Plaintiff eventually filed a motion for summary judgment against Denyer. Denyer agreed that summary judgment could enter against him, in light of the frivolous nature of his claim.

4. In return, the Swiss Beach attorneys engaged by Plaintiff and Plaintiff agreed not to pursue a claim for attorney fees and costs against Denyer, without consulting with, notifying or receiving permission of the Defendants.

5. The Swiss Beach attorneys and Plaintiff therefore waived Defendants' rights to pursue claims against Denyer for attorney's fees and costs, without the consent or permission of the Defendants.

6. Said actions by Plaintiff and its attorneys were in violation of their fiduciary and contractual duties to Defendants.

Wherefore, Defendants demand judgment against Plaintiff for compensatory damages in an amount to be determined at trial, plus costs.

Defendants
By their Attorney,

/s/ Herbert F. DeSimone, Jr_____

Herbert F. DeSimone, Jr., Esq. #2657
DeSIMONE & LEACH
One Turks Head Place, Suite 1010
Providence, RI 02903
Tel. No. (401) 421-8200
Fax No. (401) 421-0677
desi@conversent.net

Defendants demand a
trial by jury.

## CERTIFICATION

I hereby certify that on February 12, 2008, I caused a copy of the foregoing Answer to Amended Complaint and Counterclaim to be filed electronically. Accordingly, it is available for viewing and download from the ECF system by counsel of record. I also certify that I caused to mailed a true copy of the within Answer, postage prepaid, to Howard Merten, Esq., and Keith E. Fayan, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903, and electronically to hm@phs.com and kef@phs.com. .

/s/ Herbert F. DeSimone, Jr.___