**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| GENERAL STAR NATIONAL INSURANCE COMPANY; and GENERAL STAR INDEMNITY COMPANY,<br>Plaintiffs<br><br>v.<br><br>MICHAEL KENT;<br>79-81 WASHINGTON STREET, CORP. d/b/a THE STRAND; and<br>219 SOUTH ATLANTIC BOULEVARD, INC., d/b/a BEACH BUMS, d/b/a ATLANTIS, d/b/a THE BEACH COMPLEX,<br>Defendants | C.A. No. 07-205 |

**REPLY TO DEFENDANT'S COUNTERCLAIM**

Plaintiffs, General Star National Insurance Company and General Star Indemnity Company (collectively hereinafter "General Star"), submits this Reply to the Defendants' Counterclaim.

**COUNT I**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

**COUNT II**

1. The allegations contained in this paragraph are legal conclusions, to which no response is required. To the extent a response is required, denied.

2. Denied.

3. General Star admits that the Swiss Beach attorneys filed a motion for summary judgment against Denyer. General Star denies the remaining allegations in this paragraph.

4. General Star admits that the motion for summary judgment filed by attorneys for Swiss Beach was unopposed and an order subsequently entered terminating the litigation between Denyer and Swiss Beach. General Star denies that it had any obligation to consult, notify or secure the permission of the Defendants relating to the defense of the additional insured Swiss Beach and denies any remaining allegations of this paragraph.

5. Denied.

6. Denied.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim on which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the doctrine of estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's alleged Counterclaim is barred by the equitable doctrine of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant is not entitled to an award of costs incurred during this proceeding.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant breached its duty under the Policy and therefore is not entitled to any declaration that it complied with the terms and conditions of that Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has actual and/or constructive knowledge that the relevant Policy contained a self-insured retention endorsement, required the Defendant to tender the retained limits and to contract with a third party claims administrator and, therefore, is not entitled to any declaration that Policy did not contain these terms.

**EIGHTH AFFIRMATIVE DEFENSE**

For the reasons set forth in Plaintiffs' Complaint, the Counterclaim should be dismissed.

WHEREFORE, Plaintiffs General Star National Insurance Company and General Star Indemnity Company request that the Court dismiss Michael Kent's Counterclaim, that the Court enter judgment in Plaintiffs' favor, that the Court award Plaintiffs their costs and all other sums incurred to date by the Plaintiffs, including but not limited to counsel fees, and that the Court grant such other and further relief as it may deem just and proper.

GENERAL STAR NATIONAL
INSURANCE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Howard Merten________________
Howard Merten (#3171)
Keith E. Fayan (#7065)
180 South Main Street
Providence, RI 02903
(401) 861-8200\
(401) 861-8210 FAX
hm@psh.com
kef@psh.com

DATED: March 3, 2008

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT ON MARCH 3, 2008 A COPY OF THE FOREGOING REPLY TO DEFENDANT MICHAEL KENT'S COUNTERCLAIM WAS FILED ELECTRONICALLY. ACCORDINGLY, IT IS AVAILABLE FOR VIEWING AND DOWNLOAD FROM THE ECF SYSTEM BY COUNSEL OF RECORD.

/s/ Howard Merten____________

969153.1